4 U.S. 138 (____)
4 Dall. 138
Boyd's Lessee
versus
Cowan.
Supreme Court of United States.

M`KEAN, Chief Justice.
In delivering my sentiments upon the point reserved in this cause, I shall first consider the objections made to the recovery of the mesne profits, in the action of ejectment; and then, the reasons in favour of such a recovery.
1st. The leading objection (and which at first sight appears the strongest) is, that the action of trespass for the mesne profits, is always laid with a continuando; thus differing from the form of the action of ejectment, which alleges only a single act of entry and ouster. For which 3 Blackst. 205. 3 Wils. 118. 2 Bac. Abr. 181. and Runnington, 4, 5. 44. and 164. have been cited.
2d. Special bail can be required in the action of trespass for the mesne profits, but not in the ejectment. 2 Barns, 59.
3d. If damages are given for the mesne profits in the ejectment, and an action of trespass shall afterwards be brought for the same cause, the former cannot be pleaded in bar.
4th. The law has been against this practice, and cannot now be altered except by the legislature.
*139 5th. It would be inconvenient to allow the practice; because titles are frequently so complicated and difficult, as sufficiently to command the whole attention of the jury; and it would be too burthensome to impose upon them, also, the ascertaining the value of the mesne profits by one verdict.
This is the amount of all that has been, or, I believe, that can be urged against the measure. My answer to the first objection is, that I agree that the form of the writ and declaration in an action of trespass for the mesne profits contains a continuando of the trespass, and that it cannot be changed but by positive law. This prevents the necessity of several actions of trespass, for every several trespass; and unless it is so laid, it no where appearing on the record that the trespass was continued for a certain time, it must be taken by the Court and jury to be for a single act, and damages can be given for nothing more. But in an ejectment there is no arrest, no writ, and the form of the charge in the declaration in the King's Bench in England is, "that the defendant entered "into the tenements, &c. of the plaintiff with force and "arms, &c. and ejected, expelled, and removed him; and him "being so ejected, expelled and removed, the defendant hath "hitherto withheld from him, and still doth withhold, the possession, "&c." Jacob's Law Dictionary, title Ejectment, 1 vol. Attorney's Practice in K.B. page 424. 440. Lill. Ent. 192. 205. Besides, it sufficiently appears on the whole record in the ejectment, that the plaintiff was in possession, that the defendant ousted him on a certain day, and detained the possession until the trial; so that the action is not for a single act of trespass; and, therefore, the jury may well give damages for the whole time the wrong continued. At all events, the precedent may be so made, in the Common Pleas, as well as in the Supreme Court.
With respect to the second objection, that special bail can be required in the action of trespass for the mesne profits, but not in the ejectment: it is true, that, upon affidavit, the Court of Common Pleas in England has ruled special bail in the action of trespass for mesne profits, though it has been held otherwise in the King's Bench. Register of Common Pleas, 62. However, there appears to be no weight in this, when it is considered, that this action is brought after the ejectment is determined, so that the plaintiff is in no worse condition (although he has no special bail in the ejectment) on that account, but rather a better; for, if the value of the mesne profits is recovered in the ejectment, he may have a fieri facias for them immediately. If, too, the defendant should, before execution executed, withdraw his person and effects from the jurisdiction of the Court, the plaintiff would still be left in a better situation; for, if he pursues the defendant, he may arrest him in an action of debt on the judgment in any of the United States; whereas, in such a case, no action of trespass for the mesne profits could be brought (it being a local action) in a foreign country, and bail demanded.
*140 In answer to the third, I will only mention, that nothing appears plainer, than that the defendant may plead the recovery of the damages in the ejectment; with an averment that they were given for the mesne profits, in bar of the action of trespass. 1 Leon. 313. Ca. 437. 3 Leon. 194. Ca. 242.
The fourth objection, that this Court cannot alter the law, is correct beyond controversy; but there is no positive law respecting this action, or directing that the mesne profits shall not be recovered in it, as well as possession; and the Court can alter the practice, and institute any rules in an action of ejectment, which they may deem beneficial, or for the furtherance of justice, without legislative aid.
An ejectment is the creature of Westminster Hall, and has been gradually moulded into a course of practice by the rules of the Courts. It is in form a fiction; in substance, an action invented for the speedy trial of titles to the possession of lands. For a long time, damages only could be recovered in this action, the measure of which was always the mesne profits. 3 Wils. 118. 120. In the 14 H. 7., and not before, the term or thing as well as damages were allowed to be recovered. At first there was a lease really sealed on the land, and the action was against the real tenant in possession. It came in place of the assize, in which action the possession, as well as the mesne profits, was recoverable. Afterwards, casual ejectors were set up; and notice ordered to be given to the tenant in possession. Then the new practice was invented by Chief Justice Rolles. Not very long ago (in 1751) it was ruled in the Common Pleas, that if after a recovery in ejectment against the defendant, he should bring a writ of error, he should give bail to the plaintiff in a sum equal to the value of at least two years mesne profits. 2 Barn's Notes, 86. Many other alterations have taken place; and the same authority which brought it thus far, may certainly carry it to a higher degree of perfection, as experience happens to show inconveniences, or defects. Being under the controul of the Court, it may be modelled so as to answer, in the best manner, every end of justice and convenience. 3 Burr. 1292. 1295. 3 Blackst. Com. 205. 2 Burr. 660. Besides, by the 6th section of the act of assembly, intitled, "An act for the more speedy and effectual administration "of justice," it is declared and enacted, that "the justices "of the Supreme Court have full power and authority to make "such rules for the regulating the practice of the said Court, "and expediting the determination of suits, as they in their discretion "shall judge necessary." Of the power of the Court, therefore, in this particular, I entertain no doubt.
I shall now, briefly, consider the argumentum ab inconvententi; which refers but to a single instance; to wit, the difficulty the jury may labour under, in deciding on the titles of the parties to the possession, and, at the same time, in fixing the value *141 of the mesne profits, if the verdict shall be for the plaintiff. There can be no great hardship in this. In actions of waste, dowry, assize, and all others, where the thing itself, as well as the damages, is recovered, the jury are liable to the same inconvenience: nor can I perceive any great perplexity, that can arise in determining the rent, or annual value, of a house, or parcel of land, when complete evidence is given of it.
It appears to me, that the inconvenience, or hardship, is the other way. After a person has been unlawfully kept out of his house, or land, for a series of years, and undergone great trouble and expense, in recovering a judgment for them; to give him the possession merely, without any satisfaction for the use and occupation pending the action, does not seem to be complete justice. To tell him, "You must sue for the mesne profits in a "new action, fee counsel, attend the Courts, produce witnesses, "and have a new trial for the sole purpose of fixing their value," is certainly imposing an improper burthen upon him, if justice can be had in a more speedy, cheap, and easy way. Taking a verdict for the amount of the mesne profits, as well as on the title in the ejectment, will prevent this circuity, delay, and expense; and I believe it to be equally beneficial for the defendant: for, if on the trial he shows a reasonable ground for controverting the plaintiff's claim, or a specious title in himself, a jury would be inclined to give but very moderate damages against him (of which the jury in the action for the mesne profits can have no consideration, as the title cannot in that action be again gone into) and he would certainly be saved the costs and expenses of the second suit.
It is in argument, in law, and in logic, as it is in nature (destructio unius, est generatio alterius) that the destruction of an objection, begets a proof. I shall, however, proceed to consider the arguments and proofs on the other side of the question. This improvement of the action of ejectment has been suggested by the Court in the case of Treherner v. Gressingham. 2 Barn's Notes, 59. 1 Lill. P.R. 680. Whitefield's case, Buller's Nisi Prius, 88. There has been no judicial opinion given on this subject, in the Supreme Court of Pennsylvania, prior to the revolution, that I have heard of, unless it was in the case of the Lessee of James Dixon v. Thomas Hosack tried on the 15th of April 1775, when 41l. were awarded for the plaintiff: but such an opinion has been given in Delaware above thirty years ago; and the general practice in that state, has been ever since, to take a verdict for the mesne profits, in the action of ejectment. Nay, my memory does not serve me in recollecting a single instance, where an action of trespass, for the mesne profits, has been brought in Delaware, from the time mentioned; though, without doubt, it might have been done. There has been no similar precedent in Pennsylvania since the revolution; but, on the other hand, it has been recommended *142 more than once in the Supreme Court of this state, to take a verdict for the mesne profits in the ejectment: and the point now before the Court was argued, and the same case cited, by Messieurs Tilghman and Sergeant, in the case of William Tharpe v. John Bell, of September term 1787, when judgment was given in favour of the measure. So, in an ejectment, on the demise of Jasper Yeates, Esq. and others v. Charles Stewart, which was tried at Nisi Prius at Chambersburgh, for the county of Franklin, in June 1789, a verdict was taken for 130l. damages for the mesne profits; and a judgment rendered upon it, for the plaintiff, in bank.
Upon the whole, as it appears, that this Court has the power of allowing a verdict to be given for the mesne profits, as damages in the ejectment; as the judges in England, so late as the year 1742, could see no reason why it should not be done; as it has been in use for many years in the state of Delaware, under similar authority, and no inconvenience from the practice has hitherto been there discovered; as it has been in precedent in this Court by judicial decisions; and as it is calculated, in my judgment, for the reasons assigned, to answer more fully the ends of justice and convenience, by avoiding unnecessary delay, a circuity of action, and a double expense to suitors; I still must hold the opinion, which my former brethren, as well as myself, unanimously, entertained upon the subject. If it shall be thought best by the Court, that plaintiffs in ejectments should in all cases be turned round to an action of trespass, for recovering the mesne profits; yet, after what has passed, on former occasions, I conceive it ought not to be the rule in this action; but should be applied only to future cases: because, at the present moment, the law in Pennsylvania is, that the verdict in this action is regular, and agreeable to the practice of the Supreme Court. Est boni judicis ampliare justitiam.