134  315
142  386
134       315
19 SC  570

## M. T. JOHNSON, TO USE, v. HENRY HESSEL ET AL.

APPEAL BY DEFENDANTS FROM THE COURT OF COMMON PLEAS
NO. 3 OF PHILADELPHIA COUNTY.

Argued April 1, 1890—Decided April 21, 1890.
[To be reported.]

(*a*) A writ of habere facias possessionem having been issued upon a judgment in ejectment, the sheriff returned that he found a third party in possession claiming by title paramount to the defendant, setting forth the nature of his claim. The court ordered the sheriff to proceed to execute the writ; whereupon the claimant took a writ of error to the Supreme Court.

(*b*) The recognizance given in connection therewith was conditioned that the " plaintiff in error prosecute his writ with effect; and, if the judg-

Statement of Facts.

ment be affirmed, or the writ of error be discontinued or non-prossed, that he pay the debt, damages and costs adjudged or accrued upon such judgment, and all other damages or costs that may be awarded upon such writ of error," etc. :

1. The recognizance, on the affirmance of the order by the Supreme Court, did not bind the obligors to pay to the plaintiff in the ejectment, as " damages," the rental value of the premises during the pendency of the writ of error ; such damages, not being included in the judgment, nor awarded upon the writ of error, were within neither the letter nor the spirit of the condition stated in the recognizance.

2. Moreover, the statute 16 & 17 Car. II. c. 8, is not in force in this state ; and the remedy of the plaintiff in a judgment in ejectment for the recovery of mesne profits of land, retained in possession pending a writ of error to the judgment, or to an award of execution thereon, is that prescribed by act of June 11, 1879, P. L. 125 : Warren v. Steer, 118 Pa. 529.

Before STERRETT, GREEN, CLARK, WILLIAMS and MITCHELL, JJ.

No. 145 January Term 1890, Sup. Ct.; court below No. 669 March Term 1888, C. P. No. 3.

On May 4, 1889, Moses T. Johnson, to the use of Clinton S. Fritz, brought assumpsit against Henry Hessel, the Real Estate, Title, Insurance and Trust Company, and others, upon a recognizance taken and acknowledged before the prothonotary of the Supreme Court on July 5, 1888, on the purchase of a writ of error, and of the form following :

" We, Henry Hessel, the Real Estate, Title, Insurance and Trust Company, of. Philadelphia, etc., severally acknowledge to owe the above-named defendant in error, the sum of $1,200, upon condition that the above-named plaintiff in error prosecute his writ of error with effect; and if judgment be affirmed or the writ of error be discontinued or non-prossed, that he pay the debt, damages and costs adjudged or accrued upon such judgment, and all other damages or costs that may be awarded upon such writ of error, and for the return to the court below of the record, with the remittitur, or else we will do it for him."

The plaintiff's statement itemized the damages claimed, to the amount of $1,200, as follows :

Rental value of premises from the date of judgment in Court below, May 16, 1888, to February 26, 1889, $550. Injury done to premises by said Henry Hessel, $100. Special damages occasioned by the unjust detention of the premises, $550.

Statement of Facts.

At the trial on October 9, 1889, the following facts were shown on the part of the plaintiff: On May 16, 1888, a judgment in ejectment for certain premises, in the city of Philadelphia, was entered in the court below in favor of M. T. Johnson, agent, and against James P. Rossiter, by virtue of a warrant to confess judgment contained in a lease between said parties. Having made a lease of the premises to Clinton S. Fritz, Johnson marked this judgment to his use. A writ of habere facias possessionem was issued on the judgment, to which the sheriff made return that he found the first floor and cellar of the premises "in the possession of one Henry Hessel, who claims by a title paramount to the defendant in these proceedings, as appears by his affidavit" annexed to the return. Thereupon, on petition of the use plaintiff, a rule was granted upon the sheriff to show cause why he should not proceed to execute the writ of habere facias, and subsequently the court made the rule absolute. Henry Hessel then took a writ of error to have said order reviewed by the Supreme Court, and the recognizance here sued on was given for the purpose of obtaining that writ. The order of the court below was affirmed by the Supreme Court, on February 18, 1889: Hessel v. Johnson, 124 Pa. 233, and on April 29, 1889, the record, with remittitur, was returned and filed in the court below. All the costs on the writ of error, and all other costs of the case, were duly paid and discharged.

During the pendency of the writ of error, Hessel remained in the possession and enjoyment of the portion of the premises claimed by him, without paying any rent therefor to the plaintiff. The testimony tended to show that the rental value thereof was $25 per month.

At the close of the testimony for the plaintiff, the defendants offering no testimony, the court, GORDON. J., affirmed the following point presented by the plaintiff, instructing the jury accordingly:

1. If the jury believe the evidence on behalf of the plaintiff, he is entitled to recover from the defendants, as damages in this action, the rental value of the premises at the northwest corner of Tenth and Race streets, in the city of Philadelphia, from the date of the judgment in ejectment in the Common Pleas court to the date of the affirmance of the said judgment

Arguments.

by the Supreme Court, in the suit in which the bond was given upon which this suit was brought.[1]

The jury rendered a verdict for the plaintiff for $360, and judgment was entered thereon; whereupon, the defendants took this appeal, assigning for error:

1. The instruction in affirmance of the plaintiff's point.[1]

*Mr. William C. Mayne* (with him *Mr. Henry C. Thompson*), for the appellants:

The manifest error of the court below, in its instruction to the jury, consists in ignoring the conditions of the recognizance. There being no debt or damages in the judgment in ejectment, which was for possession only, and no damages being awarded upon the writ of error, there were but two conditions to be performed under the recognizance, to wit, payment of costs, and the return of the record, with the remittitur, to the court below. As the record shows, each of these conditions was promptly complied with. No condition for the payment of alleged rental values was incorporated in the obligation. If the plaintiff desires to recover any alleged mesne profits, his remedy is under the act of June 11, 1879, P. L. 125, in accordance with the practice pointed out by this court in Warren v. Steer, 118 Pa. 529.

*Mr. John Hampton Barnes* and *Mr. Rowland Evans*, for the appellee:

1. The bond sued on was the usual one given in cases where the liability is not confined to costs, and is in the words prescribed by act of June 16, 1836, P. L. 762, and by Rule No. IV. of this court. The use plaintiff, by the lease to him from Johnson, became responsible for the rent of the entire premises, and he was kept from the occupancy of that portion of them retained by Hessel, by reason of the taking of the writ of error. If the word " damages," in the recognizance, does not include such natural results of the taking of the writ of error as were thus suffered by the plaintiff, it is idle and meaningless, and the plaintiff is left without protection against such a wrongful holding under cover of a writ of error.

2. In Hessel v. Fritz, 124 Pa. 229, the facts in which are

Arguments.

identical with those in Hessel v. Johnson, 124 Pa. 233, this court decided, upon a motion which does not appear in the report of the case, that the writ of error was a supersedeas. Hessel, therefore, remained in possession, while the writ was pending, under the direct authority of this court; and that authority would not have been exercised except in view of the fact that the plaintiff was protected by the recognizance against injury arising therefrom. Warren v. Steer, 118 Pa. 529, does not apply, as it merely decides that on a writ of error to a judgment in ejectment, the sureties are not responsible for mesne profits, but these must be recovered by proceedings under the act of June 11, 1879, P. L. 125. In the present instance, Hessel was not the defendant in the ejectment, and his writ of error was taken, not upon the judgment, but upon the execution.

3. Moreover, in Warren v. Steer, supra, this court did not decide what was the measure of responsibility of bail in error in an action of ejectment, but merely held that as to the matter of assessing damages, the statute 16 & 17 Car. II. is supplied by our own legislation. The act of June 16, 1836, P. L. 762, which prescribes the condition of the recognizance, does not differ materially in its language from the statute of Car. II. It was not by reason of the requirements of the English statute itself, but by reason of the practice under it, that in cases of ejectment bail was required to be entered in double the annual rent of the premises: Thomas v. Goodtitle, 4 Burr. 421 (2501); Keene v. Deardon, 8 East 298. If, then, the English statute has been supplied by our own legislation, it would seem, by the same reasoning, that our practice should require bail in the same amount, and such in fact has always been the practice.

4. Even if it be considered that Hessel's writ of error practically raised the question of the validity of the judgment in ejectment, the plaintiff should be entitled to recover damages for the consequent delay in the execution of his writ of habere facias, such damages being the natural, proximate and orderly result of the writ of error. Otherwise, an owner of property is helpless against an irresponsible person in the wrongful use and occupation of his premises, as by merely purchasing a writ of error and discontinuing it, when reached for argument in the Supreme Court, he may occupy the premises for the intervening time without payment of rent. No direct authority has

Opinion of the Court.

been found in Pennsylvania, but in Cahall v. Building Ass'n, 74 Ala. 539, it was held that an appeal bond, similarly conditioned, covered all damages directly resulting from the appeal.

OPINION, MR. JUSTICE STERRETT:

This action is on the defendant's recognizance in error, taken in this court July 5, 1888, under the following circumstances, substantially as set forth in the plaintiff's statement of claim, viz.: In May, 1888, in an amicable action of ejectment in the court below, judgment was entered in favor of the present plaintiff against one John P. Rossiter, on which judgment a habere facias possessionem was forthwith issued. To that writ the sheriff made return " that he found a portion of the premises in the possession of one Henry Hessel, who claimed by title paramount to " Rossiter, the defendant in the writ. Notwithstanding Hessel's affidavit as to his possession under title paramount, etc., the court below ordered the sheriff to proceed with the execution of the habere facias. Hessel then removed the record to this court by writ of error, and, in doing so, he and his sureties gave the recognizance on which this suit was brought. The recognizance is in $1,200, and its condition is that the plaintiff in error " prosecute his writ with effect; and, if the judgment be affirmed, or the writ of error be discontinued or non-prossed, that he pay the debt, damages, and costs adjudged or accrued upon such judgment, and all other damages or costs that may be awarded upon such writ of error," etc.

The judgment or order of the court below to which that writ of error was taken was affirmed in February, 1889, and thereupon Hessel abandoned possession of the premises, and, as we understand, returned the record to the court below, and paid all the costs in that as well as in this court. In the court below, there was nothing more than a nominal money judgment, such as is usual in actions of ejectment, viz., judgment that the plaintiff recover possession of the premises, with six cents damages and costs. The affirmance of the judgment and order by this court imposed only the additional burden of costs on the writ of error. This suit was brought, not to recover any of those damages and costs, but to recover damages alleged to have accrued on said judgment or order of the court below by reason of the writ of habere facias having been stayed

and superseded by the writ of error. As itemized by the plaintiff, his claim in the aggregate was $1,200. The jury found in his favor, and assessed the damages at $360.

On the trial, several points for charge were submitted by the plaintiff, the first of which only was affirmed, and that constitutes the only assignment of error that is presented for our consideration. The point thus affirmed was as follows: 1. "If the jury believe the evidence on behalf of the plaintiff, he is entitled to recover from the defendants, as damages in this case, the rental value of the premises . . . . . from the date of the judgment in ejectment in the Common Pleas court to the date of the affirmance of said judgment by the Supreme Court, in the suit in which the bond was given upon which this suit was brought." The result of that instruction was a verdict against the defendants for $360, rental value of the portion of the premises occupied by Hessel, from the date of the judgment in the court below to the date of its affirmance in this court, and, in a very able and ingenious argument, on behalf of the appellee, it has been contended that he was legally entitled thereto.

We are of opinion that the instruction complained of was erroneous. There is nothing in the condition of the recognizance that appears to require either of the defendants to pay any such claim in this action. Their undertaking was to pay the debt, damages, and costs adjudged or accrued upon the judgment, and all other damages or costs that may be awarded on the writ of error. The judgment was not for the payment of a money debt, but for the possession of the land in controversy. The nominal damages and costs adjudged by the court below, as well as the additional costs that accrued in this court, were all paid by the defendant Hessel immediately after the affirmance of the judgment. No "other damages or costs" were awarded on the writ of error. The judgment of this Court was merely an affirmance of the judgment of the court below. It therefore appears to us that the rental value of the premises, for which alone the recovery was had, is not within either the letter or the spirit of the recognizance.

The condition of the recognizance in this case differs materially from that of the appeal bond in Cahall v. Building Ass'n., 74 Ala. 539, cited and relied on by the learned counsel for appellee. In that case the undertaking was to "pay and satisfy

Syllabus.

all costs and such damages as the plaintiff may sustain by reason of the appeal." Construing that condition, the court well said: "The obligors bound themselves, in the event of the affirmance of the judgment, to pay and satisfy the costs of the appeal, and all such damages as were the natural, proximate consequence of the appeal, and its legal incident, the suspension of execution. . . . . . The loss of the possession, the value of its use, pending the appeal, is the immediate consequence of the suspension of the execution, for which the plaintiff is entitled to compensation, and if it is not made the condition of the bond, is broken."

But, aside from what has been said as to the condition of the recognizance in suit, we think the instruction complained of is contrary to the principle of Warren v. Steer, 118 Pa. 529. In that case, this court, in an opinion by the present Chief Justice, held that the statute of 16 & 17 Car. II., c. 8, is not in force in this state, and that, for the recovery of the rents and profits of lands retained in possession after judgment in ejectment, pending a writ of error resulting in an affirmance of the judgment, the act of June 11, 1879, affords an ample remedy. The principle enunciated in that case, we think, rules the one now before us in favor of appellants.

Judgment reversed.

