RICHARDSON v. PENNSYLVANIA COAL CO.

(District Court, M. D. Pennsylvania. January 31, 1913.)

No. 154.

1. COURTS (§ 262*)—JURISDICTION OF FEDERAL COURTS—EQUITY—ADEQUATE REMEDY AT LAW.

The adequate remedy at law which will exclude the equity jurisdiction of a federal court is that which existed when the Judiciary Act of 1789 (Act Sept. 24, 1789, c. 20, 1 Stat. 73) was adopted, unless subsequently changed by Congress, and a matter which was then cognizable in equity is so still notwithstanding enlargement of legal remedies by the states; but, unless it comes within some of the then recognized heads of equitable jurisdiction, it cannot be entertained.

[Ed. Note.—For other cases, see Courts, Cent. Dig. §§ 797, 798; Dec. Dig. § 262.*]

2. QUIETING TITLE (§ 35*)—SUIT TO REMOVE CLOUD—EQUITY JURISDICTION.

A bill in equity, alleging that complainant is the owner and in possession of certain land, but without setting out his title, and that defendant repeatedly commits trespass thereon under some claim of right and interest in the land, the nature of which is unknown to complainant, does not state a cause of action for removal of a cloud on title, since such a suit will not lie where there is a mere verbal assertion of ownership by defendant, and it does not appear that complainant has not an adequate remedy at law.

[Ed. Note.- For other cases, see Quieting Title, Cent. Dig. §§ 73, 74; Dec. Dig. § 35.*]

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

3. INJUNCTION (§ 118*)—SUFFICIENCY OF BILL.

    Such bill also *held* insufficient to state a cause of action within the equity jurisdiction to avoid a multiplicity of suits, or for an injunction to prevent continued trespasses or waste, the only allegation as to the effect of defendant's acts being that they would create ruts, beaten tracks, and roadways on the land, which does not constitute waste in a legal sense, and the bill furthermore, taken as a whole, leaving it open to inference that the question involved is one of title which should be determined in an action at law.

    [Ed. Note.—For other cases, see Injunction, Cent. Dig. §§ 223–242; Dec. Dig. § 118.*]

4. DISCOVERY (§ 19*)—IN EQUITY—SUFFICIENCY OF BILL.

    It is essential to a bill of discovery that it set forth a title in the complainant which is sufficient to support or defeat a suit, and that it pray a discovery pertinent to that title and nothing beyond.

    [Ed. Note.—For other cases, see Discovery, Cent. Dig. §§ 20–26; Dec. Dig. § 19.*]

In Equity. Suit by Henry Richardson against the Pennsylvania Coal Company. On demurrer to bill. Demurrer sustained.

Frank S. Moore, of New York City, Edward T. Moore, of Passaic, N. J., and Watson, Diehl & Watson, of Scranton, Pa., for plaintiff. Warren, Knapp & O'Malley, of Scranton, Pa., for defendant.

WITMER, District Judge. This is a bill in equity, wherein Henry Richardson, a citizen of the state of New Jersey, is plaintiff, and the Pennsylvania Coal Company, a Pennsylvania corporation, is defendant. Upon its face the bill involves a question of disputed title to 3,500 acres of land, more or less, situate in Shohola township, Pike county, Pa., which disputed title the plaintiff seeks to have determined by a chancellor in equity. The defendant has demurred to the bill, and the controversy is before the court upon bill and demurrer. The demurrer is to matters of substance and form, and must be taken to admit all such matters of fact as are sufficiently pleaded therein. Stephen's Pleading (Heard's Ed. 1867) p. 143. But it does not confess matters of law deduced from facts therein pleaded. Stephen's Pleading, supra, p. 143, note 2–i; Preston v. Smith (C. C.) 26 Fed. 884.

After describing the lands particularly, the bill proceeds, in the fourth paragraph thereof, as follows:

"That your orator is the owner of the title of said land. That the said defendant claims an interest and certain rights in said premises adverse to the claim of your orator, but that the nature of said claim of defendant is unknown to your orator. That the claims of said defendant and each of them is without any right whatsoever, and that the defendant has no estate, right, title, or interest whatsoever in said land and premises or any part or portion thereof."

Averring, in the third paragraph, that the plaintiff "now, and for a long time hitherto, has been in the possession" of the lands and premises described in the bill, the plaintiff proceeds to charge, in the sixth paragraph, as follows:

"That defendant is the owner of or in possession of certain land and premises adjacent to and adjoining the above mentioned and described land and premises (being the lands described in the bill) belonging to your orator,

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

and is engaged in the business and occupation of cutting timber and lumber from the said land so held in possession by it. The said defendant daily, constantly, continuously, and repeatedly trespasses and enters upon the above land and premises of your orator and carries and places upon, and stores upon, your orator's said premises, lumber and timber cut from the adjoining land and premises and threatens to so continue to trespass. That defendant has already stored upon your orator's premises about 5,000,000 feet of lumber cut on adjoining property. That defendant constantly, continuously, and repeatedly enters upon and drives logs through the said property of your orator, and has permitted thousands of them to accumulate in the bed of the streams which flow through your orator's property, and threatens to so continue to trespass. That defendant constantly, continuously, and repeatedly trespasses and enters upon said land and premises of your orator and operates locomotive engines, cars, and trains from adjoining property into, over, and upon said premises of your orator in the regular course of its business and threatens to so continue to trespass in the future. That said defendant constantly, continuously, and repeatedly commits trespasses and enters upon said land and premises of your orator for the purpose of operating a sawmill thereon and to make use of a storehouse, a woodshed, and an oilroom situate in the said premises of your orator, and threatens to so continue to trespass. That all of the manifold acts of trespass committed by the defendant as aforesaid alleged are a daily occurrence committed again and again in the regular course of defendant's business."

Proceeding, in the seventh paragraph of the bill, the plaintiff avers:

"That when said acts of trespass were discovered said defendant has refused and still refuses to heed the warning of your orator and to desist and refrain therefrom and asserts the right to continue to trespass and waste as aforesaid, under color of some right thereto, which defendant well knows is false and fraudulent. That the pretenses of defendant to the right to enter upon and trespass upon the said land and premises of your orator is a cloud upon the title of your orator and are an impediment to the sale of said land and premises of your orator and are a great damage to value of your orator's estate."

By the eighth paragraph the plaintiff avers:

"That defendant is doing the acts complained of with full knowledge of the truth as above stated, and threatens and avers that it will continue the same, and your orator avers that, unless defendant is restrained and enjoined by the process of this honorable court, the damages so threatened to be committed will further despoil the surface of said premises, will create ruts, beaten tracks and roadways and prevent your orator from effecting a sale of said land and premises and will be irreparable; and your orator further avers that the acts complained of are contrary to equity, and that he has no complete and adequate remedy at law and sues to avoid a great multiplicity of suits."

The bill then in the prayer seeks: (a) Disclosure and discovery, by the defendant, of its claim of title. (b) A decree by this court "that the alleged claims of the defendant and each of them are invalid and void; that the defendant has no estate, rights, or interest in or to said property, land, or premises above described, or any part thereof; that your orator is the owner in fee of said property; that the title and rights of your orator are good, valid, and absolute in all respects to each and every part of said premises and in respect to all rights in or concerning the same; that the defendant be forever barred from asserting or claiming any rights, interest, or estate therein; and that all clouds thereon be removed." (c) An injunction, preliminary until hearing and perpetual thereafter restraining the defendant, its servants

and employés "from entering into or upon the above-described premises." And (d) that the plaintiff's title "be quieted and confirmed" in all "respect in said land and that it be decreed that the defendant has entered upon said land in fraud."

[1] As to the distinction between law and equity in the federal courts, it is said in Foster's Fed. Prac. vol. 1, § 4, p. 7:

"Although a great number of the states of the American Union and even England itself have fused together the two systems, in the courts of the United States while the same judges have jurisdiction in each, the common law and equity are still as distinct as they were in the time of Coke and Bacon.

"By the judicial act of 1789, by which the first Congress established the courts of the United States and defined their jurisdiction, it was enacted that suits in equity shall not be sustained in either of the courts of the United States in any case where a plain, adequate, and complete remedy may be had at law."

The effect of this provision, as often stated by the Supreme Court of the United States, is:

"That whenever a court of law is competent to take cognizance of a right, and has power to proceed to a judgment which affords a plain, adequate, and complete remedy, without the aid of a court of equity, the plaintiff must proceed at law, because the defendant has a constitutional right to a trial by jury. * * * But the adequate remedy at law, which is the test of equitable jurisdiction in the federal courts, is that which existed when the Judiciary Act of 1789 (Act Sept. 24, 1789, c. 20, 1 Stat. 73) was adopted, unless subsequently changed by Congress; and, where the matter belongs to what was at that time the jurisdiction of equity, no change in state legislation giving, in like cases a remedy by action at law, can of itself curtail the jurisdiction of such courts. Beach, Mod. Eq. Jurisp. vol. 1, § 3, pp. 4, 5."

It follows, therefore, that while the statutes and decisions in Pennsylvania may have shifted the 1789 line of demarcation between equity and common-law jurisdiction, the question whether this bill is here cognizable in equity must be determined by the "essential character of the case," and this essential character must be determined by the federal decisions in the light of the jurisdiction of the courts of equity in England of 1789 at the time of the adoption of the federal Constitution and the enactment of the Judiciary Act thereunder.

In the case of Van Norden v. Morton, 99 U. S. 378–380 (25 L. Ed. 453), the Supreme Court of the United States held:

"We think the rule is settled in this court that whenever a new right is granted by statute, or a new remedy for violation of an old right, or whenever such rights and remedies are dependent on state statutes, and acts of Congress, the jurisdiction of such cases as between the law side and the equity side of the federal courts must be determined by the essential character of the case, and unless it comes within some of the recognized heads of equitable jurisdiction, it must be held to belong to the other."

Again, the same court held, in Thompson v. Railroad Companies, 6 Wall. 134, 18 L. Ed. 765:

"The remedies in the courts of the United States are at common law or in equity, not according to the practice of the state courts, but according to the principles of common law and equity as distinguished and defined in that country from which we derive our knowledge of these principles; and although the forms of proceedings and practice in the state courts shall have

been adopted in the Circuit Courts of the United States, yet the adoption of the state practice must not be understood as confounding the principles of law and equity, nor as authorizing legal and equitable claims to be blended together in one suit."

To the same effect are: Robinson v. Campbell, 3 Wheat. 212, 4 L. Ed. 372; Bennett v. Butterworth, 11 How. 669, 13 L. Ed. 859; Jones et al. v. McMasters, 20 How. 8, 15 L. Ed. 805; Basey v. Gallagher, 20 Wall. 680, 22 L. Ed. 452; United States Life Ins. Co. v. Cable, 98 Fed. 764, 39 C. C. A. 264; New Orleans v. La. Const. Co., 129 U. S. 45, 46, 9 Sup. Ct. 223, 32 L. Ed. 607; Alderson v. Dole, 74 Fed. 30, 20 C. C. A. 280; Smyth v. Ames, 169 U. S. 516, 18 Sup. Ct. 418, 42 L. Ed. 819; Ewing v. City of St. Louis, 5 Wall. 418, 18 L. Ed. 657; Dows v. City of Chicago, 11 Wall. 108, 20 L. Ed. 65; Hannewinkle v. Georgetown, 15 Wall. 548, 21 L. Ed. 231; State R. R. Tax Cases, 92 U. S. 575, 23 L. Ed. 663. These cases clearly and emphatically support the ancient principle that equity will not entertain jurisdiction where the plaintiff has a plain, adequate, and sufficient remedy at law. If the plaintiff, upon the allegation of fact contained in his bill, has failed to bring himself within one or more of these ancient and well-recognized heads of equity jurisdiction, the demurrer must be sustained.

[2] Let us analyze the bill, for the purpose of determining what its essential character is, in order that we may determine whether the plaintiff has brought himself within our equitable jurisdiction. In the third paragraph the plaintiff avers that "he is now, and for a long time hitherto has been, in the possession of the 3,500 acres of land described therein." The plaintiff does not fully disclose his muniments of title, nor does he give a reference thereto, but contents himself with the declaration that he has a deed therefore, and in the fourth paragraph says he "is the owner of the title of said land." However, in the same breath he avers that "the said defendant claims an interest and certain rights in said premises adverse to the claim" of the plaintiff. The exact nature of the adverse claim is unknown to the plaintiff. This is immediately followed by the assertion "that the claims of the said defendant, and each of them, is without any right whatsoever, and that the defendant has no estate, right, title, or interest whatsoever in said land and premises or any part or portion thereof."

After setting forth at length, in the sixth paragraph, certain alleged acts of trespass of a continuing nature committed by the defendant upon the lands described in the bill, the plaintiff charges, in the seventh paragraph, that, "when said acts of trespass were discovered said defendant refused and still refuses to heed the warning" of plaintiff, "and to desist and refrain therefrom, and asserts the right to continue to trespass and waste as aforesaid, under color of some right thereto." Then follows the allegation that this assertion of right by defendant to do the things it is doing upon the lands constitutes a cloud upon plaintiff's title which equity should remove. A court of equity has jurisdiction to remove clouds from title irrespective of any statute upon the subject. Usually this remedy is enforced by requiring the surrender and cancellation of the instrument, or the setting aside of

the proceedings which create the cloud. The relief is granted on the principle of quia timet; that is, that the deed or other instrument or or proceeding constituting the cloud may be used to injuriously or vexatiously embarrass or affect the plaintiff's title. Beach, Mod. Eq. Jurisp. vol. 2, § 556, pp. 628, 629. However, this bill is barren of any allegations that the defendant is using a deed or other instrument of writing or proceeding of any nature injuriously or to vexatiously embarrass or affect the plaintiff's title. The plaintiff's bill avers that the defendant asserts a claim of some kind, the nature and character of which is unknown to the plaintiff. It is well settled that "a bill will not lie to remove a mere verbal or oral assertion of ownership in property, or a cloud upon the title." Parker v. Shannon, 121 Ill. 452, 13 N. E. 155.

The foundation of the jurisdiction in equity to quiet title or remove a cloud from the title is the inability of the plaintiff to obtain relief by an action at law or the inadequacy of the legal remedy. Hence, it is settled law that, where the estate is legal in its nature, and the remedy at law is adequate, and full and complete justice can be done thereby, the party will be left to his legal remedy. The exception to this rule is where the case presents some special ground for equitable interposition, such as fraud, accident, or mistake, requiring the setting aside or reformation of deeds or instruments of conveyance. If these elements be wanting, a bill to establish the plaintiff's title is no more than an action of ejectment; and, if the situation of the parties be such that the plaintiff may have an action to establish his title, his remedy is in a court of law. 2 Beach, § 557, p. 629. The allegations in this bill do not appear sufficient to permit this court to take jurisdiction for the removal of a cloud on the plaintiff's title. In the case of Phelps v. Harris, 101 U. S. 374, 25 L. Ed. 855, it was said:

"The questions, what constitute such a cloud upon title (sufficient to give a court of chancery jurisdiction), and what character of title the complainant himself must have in order to authorize a court of equity to assume jurisdiction of the case, are to be decided upon principles which have long been established by those courts (courts of chancery). Prominent amongst these are: First, that the title or right of the complainant must be clear; and, secondly, that the pretended title or right which is alleged to be a cloud upon it must not only be clearly invalid or inequitable, but must be such as may either at the present or at a future time, embarrass the real owner in controverting it. For it is held that, where the complainant himself has no title or a doubtful title, he cannot have this relief. 'Those only,' said Mr. Justice Grier, 'who have a clear, legal, and equitable title to land connected with possession, have any right to claim the interference of a court of equity, to give them peace or dissipate a cloud on the title.' Orton v. Smith, 18 How. 263 [15 L. Ed. 393]. And see Ward v. Chamberlain, 2 Black. 430, 444 [17 L. Ed. 319]; West v. Schnebly, 54 Ill. 523; Huntingdon v. Allen, 44 Miss. 654; Stark v. Starr, 6 Wall. 402 [18 L. Ed. 925]. And as to the defendant's title, if its validity is merely doubtful, it is more than a cloud, and he is entitled to have it tried by an action at law; and if it is invalid on its face, so that it can never be successfully maintained, it does not amount to a cloud, but may always be repelled by an action at law. Overing v. Foote, 43 N. Y. 290; Meloy v. Dougherty, 16 Wis. 269. Justice Story says: 'Where the illegality of the agreement, deed, or other instrument appears upon the face of it so that its nullity can admit of no doubt, the same reason for the interference of courts of equity to direct it to be canceled or delivered up would not seem to apply; for in such case there can be no danger that the lapse of

time may deprive the party of his full means of defense; nor can it, in a just sense, be said that such a paper can throw a cloud over his right or title or diminish its security; nor is it capable of being used as a means of vexatious litigation, or serious injury.' 2 Eq. Jur. § 700a.

"The Supreme Court of Mississippi, in their opinion in Phelps v. Harris, 51 Miss. 789, a case between the present parties, say: 'This jurisdiction of equity cannot properly be invoked to adjudicate upon conflicting titles of parties to real estate. That would be to draw into a court of equity from the courts of law the trial of ejectments. He who comes into a court of equity to get rid of a legal title, which is allowed to cast a shadow on his own title, must show clearly the validity of his own title and the invalidity of his opponent's.' Banks v. Evans, 10 Smedes & M. (Miss.) 35 [48 Am. Dec. 734]; Huntingdon v. Allen, 44 Miss. 662. Nor will equity set aside the legal title on a doubtful state of case. The complainant, to enable him to maintain such a suit, must be the real owner of the land, either in law or equity. * * * The proper forum to try title to land is a court of law, and this jurisdiction cannot be withdrawn at pleasure and transferred to a court of equity under the pretence of removing clouds from title."

In the case of Greenwalt v. Duncan (C. C.) 16 Fed. 35, it is said:

"A suit to remove a cloud upon a title cannot be maintained in a court of equity where the plaintiff has a full, complete, and adequate, remedy at law."

Said Judge Treat (page 36 of 16 Fed.):

"The unquestioned rule obtains in all cases in equity to remove a cloud upon a title that it must be clear that plaintiff has not a full, complete, and adequate remedy at law; otherwise he will be remitted to his common-law remedy. This, under the Constitution of the United States, the acts of Congress, and repeated decisions of the United States Supreme Court, is an inflexible rule. Mere questions as to conflicts of supposed legal titles can ordinarily be decided in actions of ejectment."

Mr. Justice Sharswood lays down the Pennsylvania rule in Stewart's Appeal, 78 Pa. 96, as follows:

"Whenever a deed or other instrument exists which may be vexatiously or injuriously used against a party, after the evidence to impeach or invalidate it is lost, or which may throw a cloud or suspicion over his title or interest, and he cannot immediately protect or maintain his right by any course of proceeding at law, a court of equity will afford relief by directing the instrument to be delivered up and canceled or by making any other decree which justice or the rights of the parties may require."

It seems clear, under these authorities, and it is so decided, that this court is without jurisdiction of the plaintiff's bill on the theory of a removal of a cloud on plaintiff's title.

[3] It is undoubtedly the rule that one may have equitable intervention by injunction to prevent a trespass of a continuing nature and where a multiplicity of suits is involved in the legal remedy. Beach, Eq. Jurisp. § 22, p. 22. However, it does not certainly appear by the plaintiff's bill that the acts of the defendant complained of are trespasses. It appears upon the face of the plaintiff's bill that the defendant asserts the right to do and continue to do the things complained of, if based upon a title vested in the defendant by purchase or prescription, or, if the right be based upon an easement by grant or prescription, appurtenant to its adjoining land, it could not be said to be a trespasser. This can only be determined upon an adjudication of the title in an action at law. This action may be either trespass or

ejectment. If plaintiff is in possession of the lands upon which he alleges the defendant is trespassing, he cannot, of course, maintain ejectment; but his remedy would then be trespass. His title would necessarily be determined in this action, and upon proper notice he might recover his damages to the trial, if he established his title. However, if the acts of the defendant amount to an ouster of the plaintiff as to all or any part of the premises, he may bring ejectment against the defendant for the recovery of the possession and, upon proper notice under the statute, claim and recover mesne profits by way of damages to the time of the verdict. Boyd v. Cowan, 4 Dall. 138, 1 L. Ed. 774; Dawson v. McGill, 4 Whart. (Pa.) 230. There is nothing upon the face of this bill to lead one to the conclusion that there is a multiplicity of suits involved in the pursuit of the legal remedy. We are of the opinion, upon a reading of the bill, that the very reverse is the case, and that the controversy between these parties may be determined in one suit at law.

The plaintiff has not disclosed even a reference to his muniments of title in his bill. He avers he owns the land, and in the next sentence avers that the defendant claims an interest and certain rights in said premises and asserts the right to do the things the plaintiff complains are trespasses. Equity frequently asserts jurisdiction by injunction to prevent repeated trespasses and likewise to prevent a multiplicity of suits. In the case of Pennsylvania Coal & Coke Company v. Jones, 30 Pa. Super. Ct. 358, it is held:

"A court of equity has no jurisdiction over a bill which involves the title to real estate, and the determination of which requires the construction of legal conveyances formally and solemnly executed as muniments of title, the ascertainment from contradictory testimony of the facts as to notice and possession, and the application of proper legal principles to them. In such a case either party has a constitutional right to have his cause tried before a jury in an action of trespass or ejectment, and may not be deprived of it. Averments in the bill as to multiplicity of actions and irreparable injury are no basis for jurisdiction in equity, if the evidence in support of such averments fail."

Said Mr. Justice Clark, in Washburn's Appeal, 105 Pa. 480:

"Where rights which are legal are asserted on one side and denied on the other, the remedies are at law. They cannot be settled under equity forms."

In the case of Duncan Iron Works, 136 Pa. 478, 20 Atl. 647, Mr. Justice Sterrett, says:

"The legal rights of the defendants to do the acts complained of was thus the controlling question in the case. In view of that the learned master rightly held that the plaintiffs had mistaken their remedy."

The inadequacy of the remedy at law is the basis of jurisdiction in equity in cases of trespass, and likewise to avoid a multiplicity of suits. We do not think the plaintiff's bill brings him within our equitable jurisdiction upon either ground.

In addition to this, where, as in this case, the legal right is asserted by the plaintiff, and in the next sentence of his bill he says "the defendant asserts a right and claims an interest" in the premises, we are of the opinion that the case presented for equitable consideration is a bold assertion of a legal right on the one side and and a denial on

the other. Surely we cannot take jurisdiction upon such a showing upon the face of the bill. True, the bill charges that the defendant "fraudulently asserts" this claim and right. But this is a mere legal conclusion with no facts disclosed in support thereof, and will not enable a chancellor to reach out the strong arm of the equity side of this court, grasp the suit, and bring it in for all purposes, in the face of our conclusion that the essential character of this case is an attempt to try title to land in equity, when the plaintiff has a full, complete, and adequate remedy at law.

In addition to injunctive relief, the plaintiff prays discovery. Discovery of what? Discovery of the plaintiff's or the defendant's title? Or does the plaintiff seek discovery relative to the alleged acts of trespass? Now, it is true that the discovery is one of the principal heads of equity jurisdiction. However, it is held in the courts of the United States:

"That a bill in equity for discovery will not lie when full disclosure may be compelled by examination of the adverse party in an action at law." Rindskopf v. Platto (C. C.) 29 Fed. 130; United States v. McLaughlin (C. C.) 24 Fed. 825; Guyot v. Hilton (C. C.) 32 Fed. 743.

[4] The plaintiff in this controversy may have a full and complete disclosure by the defendant as to the alleged acts of trespass, and as to title, either plaintiff or defendant, in an action at law. Furthermore, it is essential to a bill for a discovery that it set forth a title in the party which is sufficient to support or defeat a suit, and that it pray a discovery pertinent to that title and nothing beyond. A party has no right to a discovery except of facts and deeds and writings necessary to his own title or under which he claims, for he is not at liberty to pry into the title of another party.

There is an allegation, in the seventh paragraph, that the defendant "asserts the right to continue to trespass and waste as aforesaid, under color of some right" so to do. There is also the allegation, in the eighth paragraph, that the defendant, by continuance of the acts complained of in the sixth paragraph, "will further despoil the surface of the said premises, will create ruts, beaten tracks and roadways." These allegations do not go to the substance of the estate.

"In its essential elements, waste is the same in this country and in England, being a spoliation or destruction of houses, trees, etc., to the permanent injury of the inheritance. * * * The term 'waste' is not an arbitrary one, to be applied inflexibly, without regard to the quality of the estate, the nature or species of the property, or the relation to it of the person charged to have committed the wrong; but the question as to whether it has been committed in a given case is to be determined in view of the situation of the property, and the particular facts and circumstances appearing in that case, and by the conditions which exist at the time the act is committed." 40 Cyc. 501 (111, A).

It is well-settled law that injunction is a proper remedy to prevent waste, but as a general rule equity will interfere only to restrain future waste, and will not interfere in a case of waste already committed, unless perhaps under very special circumstances; for example, where the court has original jurisdiction of the case, or the party is

properly before the court for some other purpose, in which event the court may extend its protection to waste committed. 40 Cyc. 523, 524.

In order to maintain injunction for waste, it is not necessary that the plaintiff be in possession, but as a general rule it is essential that he show a good title to the premises wasted. But, even where the title is in dispute and the right is doubtful, if the waste be attended by irreparable mischief, or if, from the irresponsibility of the defendant or otherwise, plaintiff cannot obtain adequate relief at law, a court of equity may interfere by injunction. In some of the older cases it is said that equity will not restrain waste except upon unquestioned evidence of the plaintiff's title. 2 Beach, Mod. Eq. Jurisp. § 730, citing, inter alia (note 1) Preston v. Smith (C. C.) 26 Fed. 884. However, the more modern doctrine and common practice is that, where the waste goes to the substance of the estate, such as the extraction of ores, coal, etc., from a mine, the cutting of timber or the like, to issue the injunction, though the title to the premises be in litigation. Erhardt v. Boaro, 113 U. S. 537, 5 Sup. Ct. 565, 28 L. Ed. 1116; Lanier v. Alison (C. C.) 31 Fed. 100.

There is no allegation in the bill that the defendant is cutting or threatening to cut any timber growing upon the lands in dispute, or the like whereby the substance of the estate of the plaintiff is liable to suffer irreparable injury, whereby waste could be inferred.

It is therefore concluded that the court is without jurisdiction upon the allegations of waste as contained in the bill; (1) Because they do not go to the substance of the estate; (2) because it appears on the face of the bill that there is a substantial dispute as to the title; and (3) because the threatened acts of the defendant, complained of, do not amount to waste.

Now, as to matters of form, the bill should show with some degree of certainty and particularity the time and place of the alleged trespasses and the character of the acts relied upon to bring the case within the confines of equitable jurisdiction. This it fails to do. It fails to show by what manner or by what means irreparable or permanent injury is being done or threatened to be done to the property. The bill does not, even to a certainty, disclose or describe acts of the defendant upon which the vague charge of waste might be predicated. As to "cloud upon the title," there is no reference to any deed, instrument of writing, or proceeding of any character whatsoever being made use of by the defendant to injuriously or vexatiously embarrass or affect the plaintiff's title. If the cloud of title is based upon oral assertions or declarations by defendant's officers or agents, these should be set forth at least with a certainty to a common intent. This the bill fails to do, and it is as defective in form as in substance.

For these reasons the preliminary injunction will be refused, and the bill dismissed, with reasonable costs to the plaintiff. Counsel will prepare and submit a decree in accordance with this opinion.