Moses McArthur, Mary Wegefarth, Emma Wegefarth and Rebecca Lord, Appellants, *v*. Alanson Sherwood.

*Deeds—Description—Plaintiff's title—Sheriff's sale—Province of court and jury.*

M. owned a tract of land which called for a tract known as No. 1541 as its adjoiner on the north. The owner of No. 1541 claimed that his southern line was about ninety rods further south than the location given it by M. Two actions of ejectment were brought to try the title to the strip in dispute. The first ejectment was in favor of the northern line, the second in favor of the southern line. S., the owner of No. 1541, immediately after the second ejectment went into possession of the disputed strip. Subsequently under a judgment against M., his land was sold by the sheriff, and the tract was described in the sheriff's deed as bounded on the north by S. A third ejectment was brought by the heirs of M. against S. At the trial S. claimed that the plaintiffs had no title. *Held*, (1) that as the facts were undisputed the question of plaintiffs' right to bring the action was for the court; (2) that the whole of M.'s land with the right to bring a third ejectment passed to the sheriff's vendee, and that the plaintiffs had no standing whatever to bring the suit.

Argued April 27, 1896. Appeal, No. 117, July T., 1895, by plaintiffs, from judgment of C. P. Crawford Co., May T., 1891, No. 47, for defendant non obstante veredicto. Before GREEN, WILLIAMS, McCOLLUM, DEAN and FELL, JJ. Affirmed.

Ejectment for a tract of land in Rockdale township. Before NOYES, P. J., of the 37th judicial district, specially presiding.

The defendant denied that plaintiffs had any title, and raised the question of an outstanding title, which the court, on a question of law reserved, determined against the plaintiffs, and entered judgment for the defendant non obstante veredicto.

The facts will be found by the opinion of the Supreme Court.

Plaintiffs' point was as follows:

There is no evidence that the land in dispute in this case was included in the levy and sale by the sheriff to D. C. Brawley, from which the jury could find that the land in dispute was included in such levy and sale.

Defendant's third point was as follows:

3. If the land in dispute ever formed part of the McArthur settlement tract, south of Donation Tract No. 1541, it was such

in November, 1878, and the description of the McArthur land containing three hundred acres more or less in the levy on fi. fa., 197, November term, 1878, and sheriff's sale and deed thereunder carried a good title to the land in dispute to the sheriff's vendee, Brawley, and the said title is now outstanding in him, and is not in plaintiffs, and therefore under no circumstances can the plaintiffs recover in this case.

The question raised by these points was reserved.

The verdict of the jury and the question of law reserved was as follows:

November 20, 1894, jury called and sworn, who say, November 22, 1894, they find for the plaintiffs the land described in the writ of ejectment—subject to the opinion of the court upon the point of law reserved, to wit: Whether the title of the plaintiffs or their ancestor was divested by the sheriff's sale to D. C. Brawley in the year 1878; and as to the point the facts are as follows: After the verdict and judgment, and execution of the habere facias, in case of Cyrus Kitchen v. Wm. McArthur et al. in 1873, Cyrus Kitchen conveyed to Alanson Sherwood tract No. 1541. In this conveyance the distances and quantity of land given are sufficient to go to the south line, where the defendant now claims it; but the call is for the true south line of tract. B. M. Sherwood & Co., consisting of Alanson Sherwood and his father, took possession of the land thus conveyed, including the land in dispute, and were so in possession in 1878 at the time of the levy and sale to Brawley, referred to in the points —the third one of the defendant and the only one of the plaintiffs—by virtue of writ of fi. fa. issued against Wm. McArthur et al. in that year. Under that fi. fa. the sheriff levied upon a tract of land, sold it, acknowledged the deed poll to DeWitt Clinton Brawley, "For all defendant's interest in a certain piece or parcel of land situate in Rockdale township, bounded and described as follows, to-wit: On the north by Daniel Baker and B. M. Sherwood & Co., on the east by B. J. Wilcox, on the south by French creek, and on the west by B. M. Sherwood & Co., B. K. Hicks and John Kelly, containing 300 acres of land, more or less." If the court should be of opinion that upon the point reserved, the law is with the plaintiffs, then judgment to be entered on the verdict; but if the court should

be of opinion that the law is with the defendant, then judgment to be entered for the defendant, non obstante veredicto.

Judgment was subsequently directed to be entered in favor of the defendant, non obstante veredicto.

*Error assigned,* among others, was in entering judgment for defendant, non obstante veredicto.

*Geo. W. Haskins, Joshua Douglass, E. W. McArthur, John O. McClintock* and *Haskins & McClintock,* for appellants.—The burden was on the defendant to show that this land was included in the levy and sale ; and the evidence was far from conclusive, did not necessarily show it at all, very plainly showed that it was not. The court could at least have submitted the question to the jury, with proper instructions as to the law, to find the fact whether the Brawley levy included the land in dispute.

*Pearson Church,* for appellees.—The definition of the term "boundary" is simply the delineation of the limits of a tract of land, or the separation, natural or artificial, which marks the confines or liens of division of two contiguous estates : 2 Am. & Eng. Ency. of Law, 495.

Parol evidence is not admissible to control such boundaries : Caldwell v. Fulton, 31 Pa. 489.

A misstatement of the number of acres in a tract will not vitiate a sale of the whole : Reading v. Finney, 73 Pa. 467 ; Brown v. Hays, 66 Pa. 235 ; Williston v. Colkett, 9 Pa. 38 ; Putnam v. Tyler, 117 Pa. 570.

OPINION BY MR. JUSTICE WILLIAMS, October 5, 1896 :

The situation of the land described in the writ and the contention of the respective parties to this litigation will be readily understood by a glance at the accompanying diagram. It is not drawn to a scale and does not undertake to show the relative size of the several tracts appearing on it, but it illustrates the claims of both plaintiffs and defendant, and the question on which the case turned at the trial.

The tracts numbered 1540, 1541, 1542 and 76 are part of a block of donation warrants surveyed in 1785. The land south of No. 1541 and west of No. 76 was not included in the donation

surveys but was open to settlement under the land laws of the commonwealth.　So much of this land as lay between No. 1541

and French creek and extending easterly to No. 76 was acquired by McArthur by virtue of a settlement made in 1818.　His tract

called for No. 1541 as its northern adjoiner and the south line of No. 1541 was therefore his north line. His contention is that this line is an extension westwardly of the boundary line between No. 1542 and 76. The defendant and his predecessors in title to tract No. 1541 contend that the southern line is about ninety rods further south than the location given it by the plaintiffs and that for this distance it adjoins No. 76 as shown by the dotted line on the diagram. An action of ejectment brought to settle this question was tried as early as 1848 and resulted in a verdict in favor of the northern line. A second action of ejectment involving the same question was tried in 1873 and resulted in a verdict in favor of the southern line; the plaintiff in that case took possession under his verdict and has remained in possession down to the present time. A third action was brought in 1891 for the recovery of the land between these lines which is the action now before us. On the trial the defendant set up two independent lines of defense. He contended that the lower line was the true southern boundary of No. 1541; but he also contended that however the jury might find upon this question the plaintiffs could not recover because they did not hold the title to the land lying between the two lines. The jury found against him on the first question. The second question was held by the court to be one of law, upon all the evidence, and was reserved at the trial. Subsequently the learned judge entered judgment on the reserved question in favor of the defendant, non obstante veredicto. The only question presented on this record is whether the question reserved was a question of fact that should have gone to the jury, or was, as the court below regarded it, a question of law that could properly be reserved. The facts upon which it was presented were as follows: Cyrus Kitchen who was the plaintiff in the action tried in 1873, was then the owner of No. 1541. The result of the trial was to determine that the southern line was the true boundary between McArthur and his tract; soon after he was put in possession of the land he had recovered, he sold his entire tract by a description that included the land down to the southern line to Sherwood, who went immediately into possession of his purchase.

Some time in 1878, the McArthur tract was sold at sheriff's sale and bought by D. C. Brawley. The tract was described

by the sheriff as bounded on the north by Sherwood. Sherwood was in possession and claiming the title under his purchase from Kitchen down to the lower of the two lines. His title was defeasible only by the bringing of a third action of ejectment and a recovery therein against him. But subject to the possibility of such future litigation within the statutory period he was the owner in fee simple and in possession as such. The description in the levy and sheriff's deed embraced the whole of the McArthur tract, for it extended on all sides to its adjoiners. . There was no more reason for affirming that the lien of the judgment fell short of Sherwood's land on the north, than that it fell short of the adjoiners on the east or west. It seems evident therefore that Brawley acquired by his purchase whatever title McArthur had between French creek on the south and Sherwood's land on the north; this included the land which was in McArthur's possession within the boundaries of the settlement tract, and the right to bring a third action of ejectment in order to change, if able to do so, his northern boundary. McArthur's right and title to the land whether in possession or in action passed to the sheriff's vendee. The learned judge, understanding the facts bearing upon the question to be in no controversy whatever, drew the attention of plaintiff's counsel to them, and said to them if he was mistaken in thinking the facts to be conceded he wished them to say so at once, as otherwise he would reserve the consideration of their legal effect as a question of law. Counsel remained silent. The question was reserved. It was subsequently decided as a question of law, and the complaint now made is that it was a question of fact.

We do not think counsel ought to raise this question after what transpired at the trial; but treating it as properly raised, we are not satisfied that the learned judge erred in his view of the question. The question was over the extent of the levy and sale. It was in express terms from French creek on the south to Sherwood's on the north. Sherwood owned No. 1541. The line of No. 1541 as fixed by the last verdict was the southernmost line of the two. There was no doubt about either of these facts. Their effect was to be decided by the court. There was no conflicting testimony, no room for diverse inferences of fact, no open question for settlement. The question reduced to

its lowest terms is whether the right to bring the third action of ejectment passed to the sheriff's vendee under a description that covered the whole of the McArthur tract, and of McArthur's title thereto, or whether it survived in the original owner notwithstanding the sale by the sheriff. We concur with the learned judge, not only in regarding the question as one of law, but in the conclusion that upon the evidence the plaintiff cannot recover because he does not appear to have any title to the land in controversy.

The assignments of error are overruled and the judgment is affirmed.