790 A.2d 1000

Frances SISKOS, A Widow, Appellant,

v.

Edwin BRITZ and Carol Britz, Husband and Wife, Bernard Gaul, Marlene A. Vrbanic, Charles E. Boggs, III, and Cheryl Kay Boggs, Husband and Wife, Appellees.

Supreme Court of Pennsylvania.

Argued Sept. 10, 2001.

Decided Feb. 20, 2002.

690

692

Morton B. DeBroff, Mark Clement, Pittsburgh, for Frances Siskos, a widow.

James R. Silvis, Greensburg, for Charles E. Boggs, III, and Cheryl Kay Boggs, husband and wife.

Wesley Tyler Long, for Edwin Britz and Carol Britz, husband and wife, and Bernard Gaul and Marlene A. Vrbanic.

Before FLAHERTY, C.J., and ZAPPALA, CAPPY, CASTILLE, NIGRO, NEWMAN and SAYLOR, JJ.

## OPINION

NEWMAN, Justice.

Frances Siskos (Siskos) appeals from an Order of the Superior Court, which affirmed an Order of the Court of Common Pleas of Westmoreland County (trial court) that determined the location of the boundary line between property owned by Siskos and property owned by Edwin and Carol Britz (the Britzes). For the reasons discussed herein, we reverse.

### FACTS AND PROCEDURAL HISTORY

In 1972, the heirs of the Estate of Veronica Vrbanic (the decedent), including Siskos and Mary Vrbanic Gaul, hired a surveyor to subdivide a one hundred thirty-seven acre farm in Salem Township, Westmoreland County, which the decedent owned at her death. The surveyor placed stakes along the boundary lines between the subdivided lots. Pursuant to a family settlement agreement signed in 1974, each heir received a specific lot. The parcel given to Siskos was adjacent to the land distributed to Mary Vrbanic Gaul and her husband Bernard Gaul (collectively, the Gauls).

Bernard Gaul placed iron pins next to the survey stakes at the two ends of the property line to further delineate Siskos' tract from his own. He also placed a stone monument somewhere along the boundary between the two pins. Presently, one of the pins and the stone monument remain. Although the second pin is now missing, a large square stone that had rested next to the pin is still in place.

The Gauls subdivided their property and duly recorded their plan of lots.[1] As part of the subdivision plan, the Gauls

---

1. In 1976, the Gauls subdivided their property into two lots, disposing of one of the lots in 1977. Mary Vrbanic Gaul died at some point in

built a private road that traversed each parcel and permitted the inhabitants of each tract to access Rock Springs Road, which borders only the property owned by the Britzes and the Gauls. Currently, the four parcels are owned by: (1) the Britzes; (2) Cheryl Kay and Charles E. Boggs, III; (3) Marlene A. Vrbanic; and (4) Bernard Gaul (collectively, the Appellees). Each uses the private road.

In 1997, Siskos contracted for a survey of her property. The surveyor determined that the boundary of her land extended beyond what she had originally believed, and in fact included the entire mouth of the private roadway where it intersects Rock Springs Road (the disputed property). Prior to the survey, all of the parties believed that the mouth of the roadway was located on the Britzes' property.

On September 26, 1997, Siskos filed a Complaint to Quiet Title in the trial court, pursuant to Pennsylvania Rule of Civil Procedure 1061 (Action to Quiet Title—Conformity to Civil Action—Scope),[2] alleging that she possessed the disputed property. Additionally, Siskos asked the court to block the Appellees' access to the private road.

In her Complaint, Siskos requested a jury trial and included a prayer for relief asking that the court:

time between 1977 and 1986. In 1986, Bernard Gaul further subdivided the remaining lot into three parcels, retaining one.

**2.** Pa.R.C.P. Rule 1061 provides:

(a) Except as otherwise provided in this chapter, the procedure in the action to quiet title from the commencement to the entry of judgment shall be in accordance with the rules relating to a civil action.

(b) The action may be brought

(1) to compel an adverse party to commence an Action in Ejectment;

(2) where an Action in Ejectment will not lie, to determine any right, lien, title or interest in the land or determine the validity or discharge of any document, obligation or deed affecting any right, lien, title or interest in land;

(3) to compel an adverse party to file, record, cancel, surrender or satisfy of record, or admit the validity, invalidity or discharge of, any document, obligation or deed affecting any right, lien, title or interest in land; or

(4) to obtain possession of land sold at a judicial or tax sale.

(a) enter an Order that the failure of the Appellees to commence an Action in Ejectment within thirty days would forever bar them from asserting any estate, right, lien, title, or interest in the disputed property;

(b) require the Appellees to set forth with specificity and particularity the nature and extent of their claims to the disputed property;

(c) rule on all adverse claims to the disputed property;

(d) declare that Siskos owns the disputed property in fee simple and is, thus, entitled to the quiet and peaceful possession of said property;

(e) adjudge that the Appellees and all persons claiming under them have no estate, right, title, lien, or interest in or to the disputed property or any part thereof;

(f) permanently enjoin the Appellees, their heirs and assigns, and all persons claiming under them, from asserting any adverse claim to plaintiff's title to the disputed property; and

(g) award Siskos costs and other further relief that may be just and proper.

The Appellees filed an Answer and New Matter, denying that Siskos possessed the land. The Appellees did not claim that they had possession of the disputed property; rather, they asserted that they had title, or alternatively, adverse possession. Siskos moved to amend her Complaint, seeking to strike paragraphs (b) through (g) from her prayer for relief. The court denied Siskos' motion on March 28, 1998. On October 20, 1998, the trial court, following a bench trial, which included a viewing of the premises, held that the disputed property belonged to the Britzes, not to Siskos. The court determined that the crux of the disagreement centered on ownership, not possession. Consequently, the court refused to permit Siskos to block the Appellees' access to the private road.

Siskos filed a Motion for Post–Trial Relief, asserting that initially the trial court only had jurisdiction to decide who is in actual possession of the disputed property, not to rule on

the underlying merits of the Action to Quiet Title. Siskos further contended that the trial court should have presented the underlying Action in Ejectment to a jury.[3] On May 21, 1999, the court denied Siskos' post-trial motion. The court reasoned that in her original Complaint, Siskos had asked the court not only to require Appellees to file an Action in Ejectment, but also to rule that Siskos owned the disputed property and that Appellees had no interest therein.

The Superior Court affirmed the decision of the trial court, holding that, as Siskos did not limit the relief she sought to the exclusive remedy provided by Pennsylvania Rule of Civil Procedure 1061(b)(1), the trial court properly determined the respective rights of all parties and, thus, did not exceed its subject matter jurisdiction. This Court granted allocatur to consider whether the Superior Court erred in concluding that the trial court had jurisdiction to determine who had title to the disputed property without first ascertaining who had possession of the land.

## DISCUSSION

█ Siskos' sole argument on appeal is that the trial court should have resolved whether she was in current and actual possession of the disputed property because possession is a jurisdictional prerequisite to an Action to Quiet Title filed pursuant to Rule 1061(b)(1) or Rule 1061(b)(2). Rule 1061(b)(1) states that an Action to Quiet Title "may be brought **to compel an adverse party to commence an action of ejectment.**" (emphasis added). Rule 1061(b)(2) provides that such an action may alternatively "be brought **where an action of ejectment will not lie,** to determine any right, lien, title or interest in the land or determine the validity or discharge of any document, obligation or deed affecting any right, lien, title

---

**3.** Pennsylvania Rules of Civil Procedure 1051–1058 govern an Action in Ejectment. In an Action in Ejectment, the plaintiff has the right to a jury trial. *See generally Boyd's Lessee v. Cowan,* 4 U.S. 138, 4 Dall. 138, 1 L.Ed. 774 (Pa.1794) (case of the Pennsylvania Supreme Court); *McArthur v. Sherwood,* 177 Pa. 513, 35 A. 812 (1896); *Lloyd v. Nourse,* 2 Rawle 49 (Pa.1829). There is no jury trial right in an Action to Quiet Title. *White v. Young,* 409 Pa. 562, 186 A.2d 919 (1963); Note to Pennsylvania Rule of Civil Procedure 1061.

or interest in land." (emphasis added). Thus, Siskos argues, the trial court was required to determine whether either party could have commenced an Action in Ejectment before ruling on her Action to Quiet Title. "Ejectment is a possessory action only, and can succeed only if the plaintiff is out of possession, and he has a present right to immediate possession." *Brennan v. Shore Brothers, Inc.,* 380 Pa. 283, 110 A.2d 401, 402 (1955). A court only has jurisdiction over an Action in Ejectment if the defendant possesses the land and the plaintiff has the right to possess. *Girard Trust Co. v. Dixon,* 335 Pa. 253, 6 A.2d 813 (1939). Moreover, a party is entitled to a jury trial in an Action in Ejectment. *Teacher v. Kijurina,* 365 Pa. 480, 76 A.2d 197 (1950). Accordingly, because an Action to Quiet Title lies only when an Action in Ejectment does not, Siskos argues that resolution of who possesses the disputed property is a necessary prerequisite to the jurisdiction of the trial court over an Action to Quiet Title. Siskos maintains that she is entitled to a jury trial on the underlying Action in Ejectment issues because a party can request a jury in an Action in Ejectment.[4]

Appellees argue that Siskos, in her Complaint, requested resolution of her action pursuant to either Rule 1061(b)(1) or (b)(2), thereby asking the trial court to resolve all issues regarding the disputed property, which conferred jurisdiction on the court by Siskos' consent. Specifically, they assert that Rule 1061(b)(1) and Rule 1061(b)(2) provide exclusive alternative remedies, as an Action to Quiet Title brought pursuant to (b)(1) requires that Siskos has possession, while Siskos could not be in possession of the land to file an action under (b)(2). Therefore, Appellees contend that the issue of possession is immaterial to the dispute in the case *sub judice,* because the trial court would face an Action to Quiet Title either way.

---

4. *See* note 3, *supra.* In his Dissenting Opinion, Justice Castille contends that we are engaging in "procedural gymnastics." What Justice Castille fails to recognize, however, is that an Action in Ejectment entitles a litigant to a jury trial, while an Action to Quiet Title does not. As the right to a jury trial is a fundamental one in our jurisprudence, fairness and justice mandate a preliminary determination as to which cause of action lies.

■ Preliminarily, it is useful to engage in a brief discussion of the rights the parties seek to determine by filing an Action in Ejectment or an Action to Quiet Title. Ejectment is an action filed by a plaintiff who does not possess the land but has the right to possess it, against a defendant who has actual possession. *Soffer v. Beech,* 487 Pa. 255, 409 A.2d 337 (1979); 22 Standard Pennsylvania Practice 2d § 120:1. Pursuant to Rule 1061(b)(1), "[a] possessor of land is entitled to bring an action against one who, although not in possession, has some claim or interest in the land, compelling that person to assert his or her interest by bringing an action of ejectment, or be forever barred from attacking the title of the possessor." 22 Standard Pennsylvania Practice 2d § 120:143. A party will file a Rule 1061(b)(2) Action to Quiet Title when she is not in possession, does not have the right to possess the land, and wishes to determine all rights in the land. 22 Standard Pennsylvania Practice 2d § 120:145. "The purpose of an ejectment action as opposed to quiet title is not to determine the relative and respective rights of all potential title holders, but rather the immediate rights between plaintiff and defendant involved in that particular litigation." *Burnett v. Mueller,* 48 Pa. D. & C.2d 165, 171–172 (1969); 22 Standard Pennsylvania Practice 2d § 120:2.

■ This Court promulgated Rule 1061 in 1947 to "unify into one single procedure all of the diverse procedures by which clouds on title were formerly tried." *White v. Young,* 409 Pa. 562, 186 A.2d 919, 921 (1963). Prior to 1947, 12 P.S. § 1543 [5] governed situations where a plaintiff sought to force a defendant to file an ejectment action and 12 P.S. § 1545 [6]

---

**5.** 12 P.S. § 1543 provided in relevant part:
[t]hat whenever any person, not being in possession thereof, shall claim or have an apparent interest in or title to real estate, it shall be lawful for any person in possession thereof, claiming title to the same, to make application to the court of common pleas of the proper county, whereupon a rule shall be granted upon said person not in possession, to bring his or her Action in Ejectment within six months from the service of such rule upon him or her, or show cause why the same cannot be so brought.

**6.** 12 P.S. § 1545 provided in relevant part:

▮▮▮

controlled an Action to Quiet Title. This Court suspended the application of 12 P.S. §§ 1543 and 1545 with the enactment of Rule 1061. Accordingly, Rule 1061 neither creates a new action nor changes the substantive rights of the parties or jurisdiction of the courts. *White* at 922; *Sutton v. Miller*, 405 Pa.Super. 213, 592 A.2d 83 (1991); *see Seven Springs Farm, Inc. v. King*, 235 Pa.Super. 450, 344 A.2d 641, 644 (1975) ("[t]he provisions of [12 P.S. § 1543, giving a party in possession a cause of action against one not in possession by compelling the one not in possession to file an Action in Ejectment] were suspended as to practice and procedure . . . . and superceded in that respect by Pa.R.C.P. 1061–1066. The substantive requirements of [12 P.S. § 1543], however, continue to remain in force."). Therefore, case law interpreting 12 P.S. §§ 1543 and 1545 governs Rule 1061(b)(1) and 1061(b)(2) jurisprudence, respectively.

▮▮▮ When a plaintiff requests an Order to compel an adverse party to bring an Action in Ejectment, "[t]he existence of possession on the part of the [plaintiff] at the time of the institution of the proceeding is an essential jurisdictional fact." *Girard Trust Co. v. Dixon*, 335 Pa. 253, 6 A.2d 813, 814 (1939) (construing 12 P.S. § 1543, the predecessor to Rule 1061(b)(1)). Where there is a dispute regarding possession, the trial court cannot proceed to the merits of the action without first determining whether the plaintiff is in possession. *Hemphill v. Ralston*, 278 Pa. 432, 123 A. 459 (1924); *accord Warrington v. Brooklyn Trust Co.*, 274 Pa. 80, 117 A. 672

[w]hen any person or persons, natural or artificial, shall be in possession of any lands or tenements in this commonwealth, claiming to hold or own possession of the same by any right or title whatsoever, which right or title or right of possession shall be disputed or denied by any person or persons as aforesaid, it shall be lawful for any such person to apply by bill or petition to the court of common pleas of the county where such land is situate, setting forth the facts of such claim of title and right of possession and the denial thereof by the person or persons therein named, and thereupon the said court shall grant a rule upon such person or persons, so denying such right, title or right of possession, to appear at a time to be therein named and show cause why an issue shall not be framed in said court, between the parties, to settle and determine their respective rights and title in and to said land.

(1922). Thus, clearly, possession is a jurisdictional prerequisite for Rule 1061(b)(1).

▮▮▮▮▮ Likewise, the court must rule upon possession before entertaining an Action to Quiet Title filed under Rule 1061(b)(2).

> Possession of the land in dispute is the condition upon which an issue may be asked for under [12 P.S. § 1545] to have title settled. Jurisdictional averment of possession must appear in the petition, and the issue is to be granted only if, upon the hearing of the rule to show cause why it should not be granted, it shall appear to the court that the facts set forth in such petition are true. As there must be possession to give the court its purely statutory jurisdiction, it cannot acquire jurisdiction where there is a mere contest, however substantial as to the fact of possession in the petitioner. In such a case the remedy is still trespass or ejectment under the common law.

*Mildren v. Nye,* 240 Pa. 72, 87 A. 607, 609 (1913) (internal quotation omitted).

▮▮▮▮▮ We have held that the issue of possession is inextricably linked to jurisdiction in an Action in Ejectment. In *Brennan, supra,* this Court held that, where an Action in Ejectment would lie, an action filed pursuant to Rule 1061(b)(2) would not be proper. "Ejectment is a possessory action only, and can succeed only if the plaintiff is out of possession, and if he has a present right to immediate possession." 110 A.2d at 402; *accord Bruker v. Burgess and Town Council of Borough of Carlisle,* 376 Pa. 330, 102 A.2d 418 (1954). Likewise, where the plaintiff is not in possession and an Action in Ejectment brought by the defendant will not lie, a (b)(2) action would be appropriate. *Grossman v. Hill,* 384 Pa. 590, 122 A.2d 69 (1956). Taken together, *Brennan* and *Grossman* stand for the proposition that a court can only entertain a (b)(2) claim where it first determines that the plaintiff is not in possession. Accordingly, a determination of possession is a jurisdictional prerequisite to a ruling on the merits pursuant to either (b)(1) or (b)(2).

The sole remaining question in this regard is whether filing one's claim pursuant to both Rule 1061(b)(1) and Rule 1061(b)(2) obviates the necessity of first determining who possesses the property. The Appellees argue that (b)(1) requires that Siskos has possession and (b)(2) requires that she does not. Therefore, they contend that a ruling on possession is not necessary because, whether or not Siskos has possession, the court can rule on the Action to Quiet Title. The Superior Court agreed, concluding that (b)(1) and (b)(2) are exclusive alternative remedies. We disagree.

A trial court cannot rule on an Action to Quiet Title where the plaintiff requests it to compel a person claiming title to the land to bring an Action in Ejectment. *Hemphill, supra; Warrington, supra.* As we concluded in *Brennan,* if an Action in Ejectment will lie, then proceeding pursuant to Rule 1061(b)(2) is improper. Thus, if a plaintiff requests relief pursuant to both (b)(1) and (b)(2), a court cannot properly address the (b)(2) claim without first determining whether, under (b)(1), a Rule 1051 Action in Ejectment will lie. The Superior Court adopted this interpretation in *Plauchak v. Boling,* 439 Pa.Super. 156, 653 A.2d 671 (1995). "It is procedurally improper to simultaneously commence both an action in ejectment and an action to quiet title regarding the same parcel of real estate." *Id.* at 674. "Permitting an out-of-possession plaintiff to maintain an action to quiet title is impermissible because it constitutes an enlargement of the plaintiff's substantive rights as defined by statute, and thus exceeds the court's jurisdiction to proceed." *Id.; citing Sutton, supra,* 592 A.2d at 88–89.

When an Action in Ejectment is maintained in conjunction with an Action to Quiet Title, the proper course of action is for the trial court to proceed solely on the Action in Ejectment. *See Moore v. Duran,* 455 Pa.Super. 124, 687 A.2d 822, 827 (1996), *appeal denied,* 549 Pa. 703, 700 A.2d 442 (1997). *See also Sutton, supra* (if an Action in Ejectment is brought pursuant to Rule 1061(b)(1) and the trial court determines that such action will not lie, the court may *sua sponte*

amend the pleadings to conform to the requirements of an action filed pursuant to (b)(2)). This interpretation is consistent with the jurisprudence of our Court. *See Hemphill, supra, Warrington, supra,* and *Brennan, supra.* Contrary to Appellees' argument, "[p]arties, even by consent, cannot confer jurisdiction where such is in fact lacking." *Commonwealth ex rel. Ransom Township v. Mascheska,* 429 Pa. 168, 239 A.2d 386, 387 (1968).

Thus, the trial court in the case *sub judice* should have first determined which party had actual possession of the disputed property at the time Siskos filed her Complaint. If the trial court concluded that Siskos was not in possession, she would have had the opportunity to either file an Action in Ejectment or allow the court to entertain her (b)(2) Action to Quiet Title. If Siskos was in possession of the disputed property, an Action in Ejectment would lie, and, pursuant to (b)(2), an Action to Quiet Title would not be proper. Under the latter scenario, (b)(1) would control, requiring the trial court to compel the Appellees to commence an Action in Ejectment or lose all right, lien, title, or interest in the land. If Siskos or the Appellees had filed an Action in Ejectment, either party would have been entitled to ask for a jury trial. The right to a jury trial in a civil action is fundamental to our system of law. U.S. CONST. amend. VII ("[i]n suits at common law, where the value in controversy shall exceed twenty dollars, the right of trial by jury shall be preserved. . . . ."); PA. CONST. Art. I, § 6 ("[t]rial by jury shall be as heretofore, and the right thereof remain inviolate. . . . ."). Where a jury trial right inures to the benefit of the parties and a party requests a jury, a court may not properly determine issues that a jury would have had the right to consider. Accordingly, if, after the trial court determines possession, either party maintains an Action in Ejectment, such action must be tried before a jury.

## CONCLUSION

In accordance with the above discussion, we reverse the decision of the Superior Court and remand for proceedings consistent with this Opinion.

Former Chief Justice FLAHERTY did not participate in the decision of this case.

Justice CASTILLE, files a dissenting opinion.

CASTILLE, Justice, dissenting.

In this action to quiet title, appellant sought **alternative** relief, *i.e.*, either (1) issuance of an order compelling appellees to file an action in ejectment under Rule of Civil Procedure 1061(b)(1);or (2) issuance of an order under Rule 1061(b)(2), determining any right, lien, title or interest in the subject parcel of land. The majority employs what is, in my view, an overly formalistic approach and concludes that the trial court erred by not first deciding whether appellant had possession of the disputed parcel before determining the parties' ultimate rights with respect to the parcel. Because I see no error in the trial court's resolving the matter as it was actually pled in the alternative, and because I believe that the majority's finding of error is premised upon a hypertechnical approach to the issue, I respectfully dissent.

Appellant filed an action to quiet title to the disputed parcel of land seeking relief under either Rule 1061(b)(1) or Rule 1061(b)(2). A party invoking Rule 1061(b)(1) seeks a court order compelling an adverse party to commence an action in ejectment. This section generally applies where the complaining party has possession of the disputed property and seeks a resolution of any dispute with the adverse party over title. Rule 1061(b)(2), on the other hand, applies where the complaining party does not have possession of the disputed property. In such an instance, the complaining party requests that the court "determine any right, lien, title or interest in the land or determine the validity or discharge of any document, obligation or deed affecting any right, lien, title or interest in land." Of course, in any **disputed** matter, the determination of the technically proper form of the action may be unknowable at the outset: it may take resolution of the dispute itself to determine possession or ownership of the disputed property.

In the case *sub judice*, appellant's initial complaint clearly sought an ultimate determination of her rights and the rights of appellees in the disputed parcel. A survey conducted on appellant's behalf prior to the institution of the action to quiet title had indicated that appellant's property extended beyond what she previously believed she owned and encompassed the mouth of the private roadway used by appellees to access their parcels. Appellees Edwin and Carol Britz disagreed, believing the mouth of the roadway was situated on their property. Appellant filed her action to quiet title in an effort to settle this active boundary dispute, not merely to determine which party had possession of the land.[1] Tellingly, the request for relief in appellant's complaint, which is set forth *verbatim* in the majority opinion, amply demonstrates that appellant requested that the trial court make a **final** determination of the parties' rights to the property, which is precisely what the trial court did.

The majority holds that a trial court faced with such a dispute must determine, as a threshold matter, which party is in possession of the property in order to determine which subsection of Rule 1061 applies. The majority's approach contemplates a required, separate proceeding through which the trial court would then rule under the appropriate subsection. This holding sets up needless procedural roadblocks for courts and litigants and will result in a waste of judicial effort. Appellant here brought her boundary dispute before the court seeking a determination of her rights in the property. She asked for relief under either Rule 1061(b)(1) or (b)(2) or both, and the trial court considered both remedies and rendered an appropriate decision. Now, unhappy with the result, appellant contends that the court lacked jurisdiction to render a decision on the very issue she brought before it.

As the majority notes, Rule 1061 was promulgated in order "to unify into one single procedure all of the diverse procedures by which clouds on title were formerly tried." *White v. Young*, 409 Pa. 562, 186 A.2d 919, 921 (1963). Yet, the

1. Indeed, appellees' active and continuing use of the parcel as a private roadway indicates that they actually were in possession of the parcel.

majority's decision has the opposite effect. It requires a trial court to make a preliminary determination as to possession prior to considering the merits of the property dispute in order to determine which of the subsections of the rule apply. The better approach is to allow trial courts to consider these matters in toto, without requiring procedural gymnastics, to timely resolve the substantive question of the litigants' respective rights in a disputed property.[2] In this regard, I note my agreement with the Superior Court's approach in *Sutton v. Miller*, 405 Pa.Super. 213, 592 A.2d 83 (1991). In that case, the court recognized the need for a practical approach to these disputes in holding that, if a party files an action in ejectment under Rule 1061(b)(1) and the trial court determines that an action in ejectment will not lie, the trial court may *sua sponte* amend the pleading to conform to the requirement for an action under Rule 1061(b)(2).

In my view, the approach employed by the trial court and the Superior Court in this case was proper. Appellant brought her property dispute to the trial court for resolution, and the trial court did as she requested by determining in a prompt fashion the relative rights of the parties to the property, which is the way our system of justice is intended to operate. I see no error in the trial court resolving this dispute expeditiously and efficiently. Accordingly, because I would affirm the Superior Court's decision, I respectfully dissent.

---

**2.** I do not dispute the majority's statement that "an Action in Ejectment entitles a litigant to a jury trial, while an Action to Quiet Title does not." At 1006 n. 4. Moreover, I recognize that, in the case *sub judice*, appellant requested, in the alternative, that the trial court require appellees to file an action in ejectment. But the court issued no such directive and, thus, no action for ejectment and no jury trial issue was before the court.