**Haagensen v. Reed**

*Janice Haagensen*, pro se.
*Jonathan Solomon*, for defendants.

WHERRY., *S.J.*, April 13, 2011—This case was before the court on February 7 and February 8, 2011 for a bench trial. The plaintiff, Janice S. Haagensen, acting also as administratix of the estate of Myrtle S. Haagensen, deceased, initiated this action on June 27, 2006, when plaintiff filed an action in ejectment. The action is based on the premise that the defendants, Betty M. Reed,

Edward W. Absersold and Rufus and Annie Hershberger (hereinafter "the Hershbergers") have been utilizing a driveway located within plaintiff's parcel of property to gain access to their respective properties.

By way of background, the court will give a brief factual summary: plaintiff, Janice Shelburne Haagensen, acting as administratix of the estate of Myrtle S. Haagensen, deceased, initiated this action on June 27, 2006 against defendants, Edward Abersold and Wallace B. Reed (consequently surrogated upon his death, on June 1, 2007, by Betty M. Reed) seeking ejectment of the defendants from a driveway which they use or have used to gain access to their properties.

Rufus J. Hershberger and Annie K. Hershberger purchased a parcel of property (hereinafter "the Reed farm") from Betty Reed on September 17, 2007. The deed of conveyance is on record in the Office of the Recorder of Deeds of Lawrence County, Pennsylvania, at document no. 2007-10177. Since this lawsuit was initiated prior to the property being sold, an amendment to the agreement of sale was also entered into, whereby Betty Reed agreed to indemnify the Hershbergers against costs associated with defending this action.

On February 13, 2008, the Hershbergers filed a petition to intervene, after the plaintiff filed a request with this court to bar the Hershbergers from using the driveway. Pursuant to the Pa.R.C.P., Rule 2327, this court granted the Hershbergers' petition. Rule 2327 provides as follows:

At any time during the pendency of an action, a person not a party thereto shall be permitted to intervene therein, if

(2) such person is so situated as to be adversely affected by a distribution or other disposition of property in the custody of the court or of an officer thereof; or...

(4) the determination of such action may affect any legally enforceable interest of such person whether or not such person may be bound by a judgment in the action. Pa.R.C.P. Rule 2327(2), (4).

The court granted the Hershbergers' request based on the fact that they had purchased the Reed farm from Mrs. Reed subsequently to this action being initiated. As a result of that purchase, the Hershbergers are in a position where they may be adversely affected by these proceedings and, as such, must be afforded the opportunity to defend any right or interest they may have in regards to the property in question.

The sole issue before the court for determination is based on a dispute between the parties regarding access to driveway stemming off of New Road in the direct vicinity of the boundary line between North Beaver Township and Little Beaver Township, all of which is located within Lawrence County. The deeds pertaining to the relevant property of the parties read as follows:

Regarding the plaintiff's property, the premises are situated, bounded and described as follows:

All that certain parcel... lying and being in North Beaver

Township, beginning at an iron pin in the intersection of the center line of the public road leading from Moravia to Petersburg, Ohio, with the center line of the Mt. Jackson-Mt. Aire Road;

Thence, Eastwardly by the center line of the first mentioned road to land now or formerly of Loyal W. Gilkey;

Thence, Southwardly, by said Gilkey line to the Northerly line of Little Beaver Township;

Thence, Westwardly by said Little Beaver Township line to the aforementioned Mt. Jackson-Mt. Aire Road, sometimes called the Moravia-Mt. Aire Road;

Thence, Northwardly by last mentioned road to the point, the place of beginning, containing 70 acres more or less.

Regarding Mr. Absersold's property, the premises are situated, bounded and described as follows:

All that certain parcel... lying and being in Little Beaver Township, beginning at the Southwest corner thereof, adjoining property now or formerly of Robert Miller;

Thence north 2½° west 61.6 perches to a post;

Thence north 87° east, 132.8 perches to a post on the line of property now or formerly of Samuel B. Hayes;

Thence south 1¾° west, 6.6 perches to a jack oak tree;

Thence south 87½° degrees west along the line of

property now or formerly of Samuel Witherspoon and Robert Miller, 131.5 perches to the place of beginning.

Regarding the Hershberger's property, the premises are situated, bounded and described as follows:

All that certain parcel...lying and being in Little Beaver Township, beginning at a post at the Northeast corner thereof, thence south 2° 30' west 61.8 perches to a stone along the west line of the property formerly of A.H. Stewart's Heirs, now or formerly of Leslie;

Thence, Westwardly along the north line of land formerly of Samuel Witherspoon, south 89° west 130.6 perches to a jack oak tree;

Thence, north 1° 45' east 61.6 perches to a post;

Thence, north 88.5° east along the south line of property formerly of John Kisk and formerly of Dunn and property formerly of William H. Leslie.

Defendants, Mr. Abersold and the Hershbergers, own property bordered on the north by the plaintiff. New Road runs along the entire western border of the parcel of Mr. Abersold's property described above, until it makes a sharp turn to the east, thereby dividing Mr. Abersold's property from the plaintiff. New Road then makes another sharp turn to the north continuing along the western edge of plaintiff's property. These two sharp turns have been commonly refered to as the "dog's leg" throughout the hearings. At the point where New Road makes a second sharp turn to the north, a driveway begins. This

driveway runs east and divides the north-eastern corner of Mr. Abersold's property and the plaintiff's property.[1] The driveway continues east, thereby dividing the north-west corner of the Reed farm from the plaintiff's property until it turns south to the Hershberger's farm house. The driveway and surrounding undeveloped property is the subject of this action in ejectment, as both the plaintiff and the defendants claim title to the driveway.

It is clear from a literal interpretation of the parties' respective deeds that the lots were situated in such a way as to form a "T" where the three properties meet. From all of the exhibits offered into evidence, the court determines that the driveway was located along the top of the "T" and followed the municipality line, until it turned south towards the Hershberger's farm house. The real issue is whether or not the driveway in question ran north or south of the North Beaver-Little Beaver municipal boundary.

The parties' respective positions can be summarized as follows: plaintiff asserts title to the driveway and the surrounding area of ground measuring 48' x 700' x 720', and the right to immediate possession thereof. Plaintiff's claim is based on the contention that the dog's leg in New Road lies solely within North Beaver Township, as portrayed in the North Beaver Township Road Map (plaintiff's exhibit

---

1. Edward Abersold had previously granted Mr. and Mrs. Reed an easement over the initiate portion of the driveway, as the same is claimed to be situated in the north-east corner of his property. This easement agreement was subsequently entered into with the Hershbergers after they purchased the farm from the Reeds. The easement agreement is recorded in the office of the Lawrence County Recorder of Deeds at deed book volume 2088, page 480. See plaintiff's exhibit L.

B), which was prepared by the Lawrence County planning department, and the Lawrence County tax assessment map (plaintiff's exhibit F). Plaintiff additionally refers to plaintiff's exhibit F-1, an actual aerial photograph, which seems to be relied on in creating the tax assessment map.

The defendants, on the other hand, also claim title to the driveway and the surrounding land. They base their arguments on the descriptions of their respective properties as set forth in the accompanying deeds. Defendants also argue, in the alternative, that even if plaintiff does hold title to the driveway and surrounding property, the defendants have acquired title to the same through adverse possession.

"Ejectment is an action filed by a plaintiff who does not possess the land but has the right to possess it, against a defendant who has actual possession." *Siskos v. Britz*, 567 Pa. 689, 699, 790 A.2d 1000, 1006 (Pa. 2002) (citing *Soffer v. Beech*, 409 A.2d 337 (1979); 22 Standard Pennsylvania Practice 2d § 120:1). In an action in ejectment, the plaintiff has the burden of establishing a right to immediate exclusive possession of the property in question. *Doman v. Brogan*, 592 A.2d 104, 108 (Pa. Super. 1991); *Hallman v. Turns*, 482 A.2d 1284, 1287 (Pa. Super. 1984). A court may only grant recovery based on the strength of plaintiff's title to the property, not the weakness of defendant's title. *Doman*, 592 A.2d at 108. Thus, the essence of any action in ejectment is the "plaintiff's ability to identify, by a preponderance of the evidence, the boundaries of a parcel of land to which they are out of possession but

for which they maintain paramount title." *Id.* (citations omitted) Where a plaintiff is unable to establish definite and certain evidence of the boundary of the property in dispute, by adequate legal proof, her action fails and the requested relief cannot be granted. *Hallman v. Turns*, 482 A.2d 1284, 1288 (Pa. Super. 1984)

This court must initially note that it has already been determined that the defendants are clearly in possession of the driveway and surrounding area of land. See defendants' exhibit 11 (affirmed *Haagenson v. Reed*, et al., No. 1734 WDA 2004, slip op. at 4 (Pa. Super. filed June 22, 2005)). As previously stated, the sole issue is whether the driveway and surrounding land lie to the north or south of the North Beaver-Little Beaver municipal line.

Plaintiff's sole witness was Robert Wright Grine, II, a registered professional surveyor in the Commonwealth of Pennsylvania. Mr. Grine testified regarding the ability to use a municipal line as a monument for the purposes of surveying a land (N.T. Feb. 7, 2011, p. 28), and that the Haagensen Deed (see plaintiff's exhibit H) calls for the North Beaver-Little Beaver municipal line as its southern boundary. (N.T. Feb. 7, 2011, p. 31) He also testified that according to the assessment maps for Lawrence County, James Abersold's home[2] straddles the municipal line, and therefore is located partially in Little Beaver and partially

2. James Abersold is the son of defendant, Edward Abersold. Edward Abersold conveyed a portion of his property located on the western side of New Road to James Abersold on May 17, 2010. That specific property is not relevant to these proceedings, other than as an illustrative tool used by the parties to establish the municipal line.

in North Beaver. (N.T. Feb. 7, 2011, pps. 38-39). Mr. Grine went on to authenticate the validity of the assessment map by describing the process by which such maps are created. (N.T. Feb. 7, 2011, pps. 42-43)

Mr. Grine further testified that according to the Lawrence County assessment maps (plaintiff's exhibits B, F, and F-1) the dog's leg in New Road is entirely to the north of the municipal boundary. (N.T. Feb. 7, 2011, pps. 50-51) Mr. Grine opined that the defendants could not hold title to the driveway and surrounding land as then deeds fail to indicate that any of the defendants' properties are located in North Beaver Township, the maps prepared by the Lawrence County Planning Department indicate that the driveway is in North Beaver Township and the defendants only pay taxes in Little Beaver Township.

On cross-examination, counsel for the defendant established that a tree line exists on the north side of the driveway and there is ongoing agricultural activity to the south. (N.T. Feb. 7, 2011, pps. 76-77) It was also established that no physical markers throughout the property in question that indicate where the municipal boundary actually is located. (N.T. Feb. 7, 2011, p. 86)

The defendants called their own expert witness, Ross Taylor, who is a professional licensed surveyor and is currently employed as the managing partner of Frank B. Taylor Engineering. Mr. Taylor was hired by Mr. and Mrs. Reed to conduct a survey of their property in 2002. In an effort to complete a proper survey, Taylor engineering

physically went to the property in question, located existing points and features on the ground and reconciled the same with the legal descriptions provided in the deeds to the parties' properties. (N.T. Feb 7, 2011, pps. 135-136)

Mr. Taylor testified that when the Reed's deed (defendant's exhibit 2) was reconstructed on the land, a discrepancy existed, whereby the end point in the deed was 20 feet from the initial starting point or first call. Using existing iron pins located on the north side of the property, as well as an old fence line that runs east and west, Mr. Taylor was able to justify the deed and reconcile the physical description called therein with the actual layout of the property. (N.T. Feb. 7, 2011, pps. 138-139) By reconciling the parameter, Mr. Taylor was able to correlate actual acreage of the Reed Farm with that set forth in the corresponding deed and with surveys performed on defendant Edward Abersold's property. (N.T. Feb. 7, 2011, p. 139, 143)

Based on the actual surveys performed by Taylor engineering, Mr. Taylor testified that the North Beaver-Little Beaver municipal line constitutes the northern boarder of the defendants' property. (N.T. Feb. 7, 2011, pps. 144-145) The existence of a tree line and the remnants of a fence line running along the northern edge of the defendants' properties were indicative of the same, with said trees and fence lying on the northern side of the driveway in question. (N.T. Feb. 7, 2011, pps. 150) Based on all of these facts, Mr. Taylor concluded that the north boundary of both the Reed farm and Mr. Abersold's

neighboring property was the old fence line. This fact is supported by defendant's exhibit 7, a United States Geological Survey map, which portrays the dog's leg in New Road as running along the municipal boundary and the driveway being a continuation thereof to the east.[3]

Mr. Taylor also offered testimony to explain the discrepancy between the survey performed by Taylor engineering and the county assessment maps, previously offered into evidence by the plaintiff. Mr. Taylor stated that as the municipal engineer for both North Beaver and Little Beaver Townships, such maps are not accurate in regards to actual boundaries and are in no way authoritative. (N.T. Feb. 7, 2011, p. 156-157) The court notes that plaintiff's exhibit B expressly states "[p]roperty lines as depicted on this map are *for visual reference only and are not to be utilized in lieu of an actual survey.*" (emphasis added)

The defendants' case included additional testimony, presented through various witnesses, establishing that the driveway in question had been used by various owners of the Reed farm to gain access to the corresponding residence for over 40 years. (See e.g. N.T. Feb. 8, 2011, pps. 20, 77, 86, 99) The defendants also called James Abersold, whose trailer was previously described as being located on the municipal line by plaintiff's expert, Mr. Grine. James Abersold testified that he has never paid any tax to North Beaver Township and that his property is

---

3. Defendant's Exhibit 1 is the actual survey prepared by Taylor engineering, which the court finds to be a conclusive depiction of Mr. Taylor's testimony.

located solely in Little Beaver Township as determined by the Lawrence County's assessors office. See defendant's exhibit 19. (N.T. Feb. 8, 2011, p. 68)

After carefully considering all the testimony offered by the parties and the evidence presented, the court concludes that the plaintiff has failed to meet her burden of establishing that she has a right to immediate exclusive possession of the property in question. *Doman,* supra. Plaintiff has failed to offer legal evidence of what she purports the boundaries to be, and relies totally on the argument that the defendants do not own the property. Such an argument is improper as recovery is based on the strength of plaintiff's title to the property, and not the weakness of defendant's title. *Id.*

The only piece of substantive evidence utilized by the plaintiff are assessment maps drafted by the Lawrence County Planning Department (plaintiff's exhibits B, F and F-1) that portray the dog's leg in New Road and the driveway as being situated to the north of the North Beaver-Little Beaver municipal line. Yet, exhibit B expressly indicates that the property lines depicted on the map are only a visual reference and can not be relied on in lieu of an actual survey. Additionally, the court notes that plaintiff's expert witness, Mr. Grine, although thoroughly educated in his field of expertise, did not conduct an actual survey of the land. (N.T. Feb. 7, 2011, p. 70)

Defendants, on the other hand, clearly establish through the testimony of Mr. Taylor that they do, in fact, own the

driveway. A proper survey was conducted, wherein Taylor engineering physically identified existing monuments on the property to reconstruct/reconcile the physical descriptions in the applicable deeds. The court finds that the North Beaver-Little Beaver municipal line borders the defendants' property on the north edge, and the same is represented by an old fence little located to the north of the dog's leg in New Road and the driveway in question. The court further finds that Mr. Abersold holds title to the initial portion of the driveway stemming off of New Road, and likewise, the Hershbergers hold title to the remaining portion the driveway.

This finding is consistent with the corresponding deeds to the parties' properties as the Haagensen deed describes the property being located entirely in North Beaver Township and the Abersold deed and Hershberger deed describe the applicable property as being located entirely in Little Beaver Township. The court additionally notes that the fence-line running to the north of the driveway is representative of the North Beaver-Little Beaver municipal boundary.

Consistent with this opinion, the court will enter the following order dismissing plaintiff's action in ejectment:

## ORDER OF COURT

And now, April 13, 2011, with this matter having been before the court on February 7, 2011 and February 8, 2011 for a bench trial with Janice S. Haagensen appearing pro se and Jonathan Solomon, esquire, appearing on behalf of

the defendants and consistent with the attached opinion, it is hereby ordered and decreed as follows:

1. Plaintiff's action in ejectment is dismissed.

2. Edward Abersold and Rufus and Annie Hershberger are hereby granted exclusive right, title and interest to the property described as follows:

a. Beginning at the point of intersect at the bend in new road with the west edge of the driveway leading towards the Reed Farm;

b. Thence long the North edge of said driveway extending in an Eastwardly direction along the length of an old barbed-wire fence, with the same being the Southern edge of the Haagensen's property, to a point on the east line of the Haagensen property.

3. The prothonotary is directed to serve a copy of this order and opinion upon counsel of record; Janice Haagensen and Jonathan Solomon, Esq.