J-S80024-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| DEBRA A. LANG | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| TODD N. SHAFFER, SHERYL K. SHAFFER, THOMAS C. SHAFFER, AND CAROL E. SHAFFER | |
| Appellants | No. 642 MDA 2016 |

Appeal from the Judgment Entered February 8, 2016
In the Court of Common Pleas of Centre County
Civil Division at No: 09-4259

BEFORE:  LAZARUS, J., STABILE, J., and RANSOM, J.

MEMORANDUM BY STABILE, J.:                **FILED FEBRUARY 27, 2017**

Appellants, Todd N. Shaffer, Sheryl K. Shaffer, Thomas C. Shaffer, and Carol E. Shaffer, appeal from the February 8, 2016 judgment in ejectment in favor of Appellee, Debra A. Lang.  We vacate and remand.

Presently in dispute is Appellee's claim, by adverse possession, of a narrow tract of land ("the Disputed Tract") along the western bank of Pine Creek in the Village of Coburn, Penn Township, Centre County.  Appellants own property on the eastern side of Pine Creek and Appellee owns property on the western side.  Prior to 1976, the deeds of Appellants' predecessors in interest indicated that their property extended only to the center of the Pine Creek.  In 1976, Appellants' predecessor commissioned a survey by Red Wolfe (the "Wolfe Survey").  According to the Wolfe Survey, Appellants'

predecessors' property extends across Pine Creek and includes the Disputed

Tract along the western bank. In deeds executed in 1976 and thereafter,

Appellants' chain of title includes the Disputed Tract.

Appellee and her husband purchased property on the western side of

Pine Creek in 1981, and they deeded the property to Appellee after they

divorced. From 1981 forward Appellee assumed, admittedly incorrectly, that

she had title to property extending all the way to Pine Creek. She claims

she has consistently mowed and maintained the Disputed Tract and used it

as her yard since 1981. She therefore claims ownership of the Disputed

Tract by adverse possession.

The trial court, presiding over a December 12, 2012 bench trial, wrote

as follows:

> By all accounts, the [Disputed Tract] has never been developed and has not had any modern improvements built upon it. [Appellants] assert title by virtue of a deed to them from David R. Stinebring and Nickola Wallace dated April 9, 2009, and recorded at the Centre County Record Book 2031, Page 956. The Stinebring-to-Shaffer Deed carries forward the same description as the previous Deed from Bealer-to-Stinebring and prior to that Weaver-to-Bealer. The [Disputed Tract] has been consistently described from that 1976 Weaver-to-Bealer Deed as containing 14.8 acres, being based upon [the Wolfe Survey].
>
> At trial, the Court heard considerable testimony regarding the care and attention paid to the [Disputed Tract] by [Appellee] and her partners. This included consistent mowing of the [Disputed Tract], the clearing of brush, erection of a tree house, creation of a fire ring, and regular and normal usage of the [Disputed Tract] by [Appellant] and others.
>
> Countering that description was [Appellees'] assertion that adverse possession had been nullified through consistent

reminders from [Appellees'] predecessors that they had ownership of the [Disputed Tract] and that any use of the [Disputed Tract] was made with the permission of the then owner. The predecessors to [Appellees] also assert that they posted no-trespassing signs and erected other barriers to provide notice to [Appellant] of their continued claim of the [Disputed Tract].

[…]

[T]he testimony of Zach Gay described the historical chain of title beginning in 1795 and continuing up to, and through, the Deed of Weaver-to-Weaver dated May 22, 1947 (at that time containing 34 acres). From 1795 through the 1947 Deed, and up until the [Wolfe Survey] (set forth in the October 5, 1996 [sic] Weaver-to-Bealer Deed), the legal description of the tract had always been called for as running from two distinct points through the center of Pine Creek.

For reasons that are not explained by Wolfe in his survey,[1] and not explained by [Appellants] in this action, the 1976 Weaver-to-Bealer Deed based on the Wolfe [S]urvey shifted the purported boundary line west across Pine Creek to the location adjacent to [Appellee's] triangular 3.7 acre tract.

> [1] The Marlin 'Red' Wolfe [S]urvey purports to be a 'bounded-by survey,' which relies fully upon the available deed descriptions of adjacent properties, and then essentially 'fills-in-the-void' between the adjacent descriptions to arrive at a residue lot, which is then shown.

The preliminary question for the court to resolve, before we can reach the resolution of any issues regarding whether [Appellant] may or may not have established an adequate claim by adverse possession, is whether [Appellees] in this action have a claim to [the Disputed Tract]. This court rules that [Appellees] do not have such an ownership claim.

Trial Court Opinion, 5/6/2013, at 2-4. The trial court therefore ruled that

Appellee established adverse possession as against Appellants but "not as to

'the world.'" *Id.* at 5.

This Court reversed and remanded, concluding the trial court lacked jurisdiction to enter judgment in Appellee's favor because Appellee did not properly invoke the trial court's jurisdiction pursuant to Pa.R.C.P. No. 1061.[1] *Lang v. Shaffer*, 1435 MDA 2013 (Pa. Super. October 16, 2014) (unpublished memorandum). We explained:

> If Appellee, as she alleged, were in possession of the [D]isputed [T]ract, the appropriate form of action was to compel Appellant to commence an action in ejectment. *See* Pa.R.C.P. [No.] 1061(b)(1). If, however, Appellee was not in possession, but asserted an immediate right to possess the [D]isputed [T]ract as against Appellants, a cause of action in ejectment was available. *See* [*Siskos v. Britz*, 790 A.2d 1000 (Pa. 2002)].

---

[1] Rule 1061, governing actions to quiet title, provides in relevant part:

**Rule 1061. Conformity to Civil Action. Scope**

(a) Except as otherwise provided in this chapter, the procedure in the action to quiet title from the commencement to the entry of judgment shall be in accordance with the rules relating to a civil action.

*Note:* No right to trial by jury is conferred by this rule. See Rule 128(f).

(b) The action may be brought

(1) to compel an adverse party to commence an action of ejectment;

(2) where an action of ejectment will not lie, to determine any right, lien, title or interest in the land or determine the validity or discharge of any document, obligation or deed affecting any right, lien, title or interest in land;

Pa.R.C.P. No. 1061(1), (2).

> Lastly, if Appellee alleged and established she was not in possession and lacked an immediate right to possession, Rule 1061(b)(2) would govern her action because neither party had recourse to an ejectment action. […] Despite lengthy proceedings in the trial court, the jurisdictional question of possession was not presented to the court by the parties nor determined by the court. As such, we cannot conclude that the trial court properly entered an order quieting title in favor of Appellee.

*Lang*, 1435 MDA 2013, unpublished memorandum at 7.

This Court relied on **Siskos**, wherein our Supreme Court distinguished ejectment actions from actions to quiet title. "Ejectment is an action filed by a plaintiff who does not possess the land but has the right to possess it, against a defendant who has actual possession." **Id.** at 1006. "The purpose of an ejectment action as opposed to quiet title is not to determine the relative and respective rights of all potential title holders, but rather the immediate rights between plaintiff and defendant involved in that particular litigation." **Id.**

In an action to quiet title under Rule 1061(b)(1), the "possessor of land is entitled to bring an action against one who, although not in possession, has some claim or interest in the land, compelling that person to assert his or her interest by bringing an action in ejectment, or be forever barred from attacking the title of the possessor." Finally, "[a] party will file a Rule 1061(b)(2) Action to Quiet Title when she is not in possession, does not have the right to possess the land, and wishes to determine all rights in the land." **Id.**

Thus, the appropriate cause of action depends on which party is in possession of the real property. Here, the element of possession is in dispute. We directed the trial court to resolve that issue, because Appellee's possession, or lack thereof, would determine whether she should file an ejectment or quiet title action.

After remand, Appellee alleged causes of action for **both** ejectment and quiet title. Appellee alleged she was in possession of the Disputed Tract and asked the trial court to enter an order compelling Appellants to commence an action in ejectment. Amended Complaint, 3/9/15, at 22. Thus, Appellee proceeded under Rule 1061(b)(1). Alternatively, Appellee alleged a cause of action in ejectment. *Id.* Appellants responded on April 17, 2015 with an answer and counterclaim for ejectment of Appellee from the Disputed Tract.

The trial court conducted a non-jury remand trial on January 13, 2016. At trial, Appellee confirmed that she and her family consistently mowed and cleared brush from the Disputed Tract, put a fire ring on the Disputed Tract, and did gardening, camping, and fishing there. N.T. 1/13/16, at 4. The fire ring was a tire wheel, and it was the only thing that remained on the Disputed Tract until this litigation commenced. *Id.* at 6, 16-17. Appellee placed a picnic table and swing set on the Disputed Tract, but they were later removed. *Id.* at 17. After Appellants purchased the neighboring lot in

2009, they occasionally mowed the Disputed Tract as well. *Id.* at 8. Appellee then filed this complaint.

In its opinion in support of the February 6, 2016 verdict, the trial court incorporated the reasoning from its May 6, 2013 pre-remand opinion, quoted at length above. Regarding the jurisdictional element of possession, the trial court found: "**[Appellee] was in possession of the [Disputed Tract] before, during, and after the commencement of this action**." Verdict, 2/6/2016, at 1 (emphasis added). In this scenario, Appellants' entrances on the Disputed Tract after their 2009 purchase of neighboring property are simply temporary trespasses. Despite its finding that Appellee was in possession, the trial court entered judgment in **ejectment** in favor of Appellee. Once again, we must vacate the judgment and remand, as the trial court's finding of Appellee's possession is inconsistent with a judgment in ejectment against Appellants.

As the *Siskos* Court explained, an action for ejectment is available to an out-of-possession party against a party in possession. "Ejectment is an action filed by a plaintiff who does not possess the land but has the right to possess it, against a defendant who has actual possession." *Siskos*, 790 A.d at 1006. "[T]he issue of possession is inextricably linked to jurisdiction in an Action in Ejectment." *Id.* at 1008 (citing *Brennan v. Shore Bros.*, 110 A.2d 401, 402 (Pa. 1955)). "Ejectment is a possessory action only, and can succeed only if the plaintiff is out of possession, and if he has a present

- 7 -

right to immediate possession." *Id.* (quoting *Brennan*, 110 A.2d at 402). Given the trial court's finding of possession, Appellee had no right to bring an ejectment action. The trial court, therefore, had no jurisdiction to enter judgment in ejectment in favor of Appellee.

The appropriate course of action, as explained in *Siskos* and in this Court's prior remand, was for the trial court to order Appellants to commence an ejectment action against Appellee in accord with Rule 1061(b)(1). That subsection applies because Appellee is in possession and claims title by adverse possession. Appellants are out of possession, dispute Appellee's claim of adverse possession, and claim a right of possession by virtue of their chain of title. Appellants, therefore, have the right to file an ejectment action.

We further observe that the trial court's findings, insofar as they relate to anything more than the fact of Appellee's possession as of the filing of her complaint, were superfluous. "The merits of the dispute, the title and right to possession, are not determined in an action brought under [Rule 1061(b)(1)]." *Seven Springs Farm, Inc. v. King*, 344 A.2d 641, 644 (Pa Super. 1975). "The issue to be decided is simply whether or not either of the parties claiming an interest in the land was in actual possession at the filing of the complaint." *Id.* The underlying merits—the validity of Appellants' claim by deed and Appellee's claim of title by adverse possession—are to be litigated in Appellants' ejectment action. The

defendant in an ejectment action can raise adverse possession as an affirmative defense. **Kaminski Bros., Inc. v. Grassi**, 352 A.2d 80, 81 (Pa. Super. 1975).[2]

In summary, Appellee has no cause of action for ejectment because the trial court found her in possession[3] of the Disputed Tract when she filed her complaint. The trial court had no jurisdiction to entertain an ejectment action filed by the party in possession of the property in dispute. Rather, the trial court should have ordered the out-of-possession Appellants to commence an ejectment action in accord with Rule 1061(b)(1). Once that is

_____

[2] Appellants' counterclaim in ejectment was procedurally improper, given that Rule 1061(b) contemplates a two-step process whereby the trial court determines possession and then compels an ejectment action if necessary. **See Thomas v. Venneri**, 17 Pa. D. & C.2d 379 (Allegheny County 1959). Similarly, Appellee committed a procedural misstep in commencing an action in ejectment simultaneously with a quiet title action. "It is procedurally improper to simultaneously commence both an action in ejectment and an action to quiet title regarding the same parcel of real estate." **Siskos**, 790 A.2d at 1008 (quoting **Plauchak v. Boling**, 653 A.2d 671, 674 (Pa. Super. 1995)).

[3] A trial court's finding of possession under Rule 1061(b)(1) is appealable. **Seven Springs**, 344 A.2d at 642-43. Appellants challenge the trial court's finding of possession, but their argument assumes the trial court found merit in Appellee's claim of adverse possession. As set forth in the main text, the ultimate issue of adverse possession is beyond the scope of this appeal. For present purposes, the trial court credited Appellee's testimony that, as of the filing of the complaint, she was mowing and maintaining the Disputed Tract and using it as part of her private yard. We believe these facts are sufficient to support the trial court's finding that Appellee was in possession of the Disputed Tract when she filed her complaint. **See Brennan v. Manchester Crossings, Inc.**, 708 A.2d 815, 820-22 (Pa. Super. 1998) (holding that maintenance of a lawn and its use for recreational purposes is sufficient to demonstrate possession).

done, Appellee may assert adverse possession as a defense. We vacate the judgment and remand for further proceedings consistent with this memorandum.

Judgment vacated. Case remanded. Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 2/27/2017